Gene RAMSEY, Plaintiff–Appellant,

v.

SIGNAL DELIVERY SERVICE, INC., et al., Defendants–Appellees.

Elbert A. BEAVER et al., Plaintiffs–Appellants,

v.

SIGNAL DELIVERY SERVICE, INC., et al., Defendants–Appellees.

Nos. 78–2393, 78–2394.

United States Court of Appeals, Fifth Circuit.

Dec. 4, 1980.

G. Alan Blackburn, Atlanta, Ga., for plaintiffs–appellants.

Elarbee, Clark & Paul, David Vaughn, Robert J. Martin, Jr., Atlanta, Ga., for Signal, et al.

Fredrick C. McLam, Decatur, Ga., for Gen. Teamsters.

Before GOLDBERG, CHARLES CLARK and THOMAS A. CLARK, Circuit Judges.

THOMAS A. CLARK, Circuit Judge:

Plaintiffs in this action have sued their former employer, Signal Delivery Service, Inc. ("Signal"), General Teamsters Local Union No. 528, certain named Signal and Teamster employees, and the Signal Delivery Service Joint Area Committee, Southern Territory. This action is brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and alleges that the defendants conspired to wrongfully discharge the plaintiffs in order to hire replacements who would not oppose union officials supporting contractually–reduced employee benefits. The trial court granted defendants' motion to dismiss. We affirm in part and reverse in part.

This appeal grows out of an action filed by rank–and–file teamsters who allege that some of their officials conspired with Signal to wrongfully discharge them in violation of their protected rights. Plaintiffs, some of whom have been vocal in expressing opinions against 528 leadership, and others of whom had run for office against 528 leadership, allege that around the end of November, 1973, the defendants conspired to mislead the plaintiffs as to company rules and policies with the ultimate purpose of inducing plaintiffs to engage in an illegal work stoppage. For example, plaintiff Shields was discharged for mistakes he had made in a report filed in accordance with procedures which, Shields claims, were directed by his superior. The thirty–five page complaint alleges similar incidents, too numerous to detail here, the ultimate result of which

was to induce a strike on October 19, 1975. Although several rank–and–file teamsters participated in the strike, only the plaintiffs were disciplined and discharged. Plaintiffs now allege that the entire course of conduct which preceded the strike, the discriminatory treatment accorded plaintiffs as a result of the strike (none of the other strikers were disciplined), and the ensuing "sham" grievance proceedings were part of a planned conspiracy which the defendants pursued in order to eliminate political opposition to pro–management union officials. Accordingly, plaintiffs bring this suit alleging a violation of § 301 of the Labor Management Relations Act, a breach of the union's duty of fair representation, and pendant state tort claims for infliction of "extreme mental anguish" and "emotional distress."

The complaint was filed October 31, 1977, and service was obtained on the various defendants in late December and early January, 1978. With consent of the plaintiffs, the court extended the defendants' time to plead until the end of February, and on February 17, 1978, some of the defendants filed comprehensive motions to dismiss with supporting briefs. On February 21, 1978, some of the defendants answered. The trial court inquired into the merits of the motions, determined that they were meritorious, and, because they were unopposed within the time permitted by local rule, dismissed the complaint.

■ We think that the trial court's dismissal was correct in the following respects. First, the trial court found that the action against defendant "Signal Delivery Service Joint Area Committee, Southern Territory" should be dismissed, and we agree. The Committee is not a legal entity, being neither an unincorporated association, an "employer," or a "labor organization" within the meaning of 29 U.S.C. § 185.

■ Second, the trial court dismissed the defendants George R. Hill, D. R. Burkett, J. J. Duccieschi, Mario Fiorucci, and Thomas E. Talentino, all Signal employees. The law is well settled that individual employees are not proper parties to a suit brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Rather, § 301 suits are confined to defendants who are signatories of the collective bargaining agreement under which they are brought.[1] As § 2(2) of the Labor Management Relations Act, 29 U.S.C. § 152, makes clear, the Act was not designed to impose personal liability on employees of corporate organizations.

■ Similarly, union employees Joseph E. Vaske, Hub S. Davis, and M. H. Yaughn are not proper parties to this action. In *Atkinson v. Sinclair Refining Company, supra*, 82 S.Ct. at 1324–25, the Supreme Court stated "[w]hen Congress passed § 301, it declared its view that only the union was to be made to respond for union wrongs, and that the union members were not to be subject to levy . . . . Where the union has inflicted the injury it alone must pay." We note that these defendants answered and did not move to dismiss. We further note that they did incorporate as their first defense a Rule 12(b)(6) claim that the amended complaint fails to state a claim against them upon which relief can be granted. Thus, the court's dismissal of them will be construed to have been grounded upon that defense and the dismissal is affirmed.

■ Finally, the district court was correct in dismissing plaintiffs' pendant state tort claims for emotional distress on the ground that the common law has been preempted by federal statute. While plaintiffs point out that there are significant exceptions to the federal preemption doctrine, either where the activity "was merely a peripheral concern of the Labor Management Relations Act . . . [or] touched interests so deeply rooted in local feeling and responsibility that . . . we could not infer that Congress had deprived the States of the power to act,"[2] the facts of this case do

1. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962).

2. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 243–244, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959).

not fall within these exceptions. The alleged discriminatory treatment accorded plaintiffs is precisely the type of conduct the federal labor laws intended to prohibit, and as such the pendant state claim is preempted. "When it is clear ... that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act ... due regard for the federal enactment requires that state jurisdiction must yield." [3]

■ Defendants Signal Delivery Service, Inc. and Local 528 also moved to dismiss plaintiffs' complaint pursuant to Fed.R. Civ.P. 12(b)(6), alleging that plaintiffs had failed to exhaust internal union remedies, or, alternatively, had failed specifically to allege an adequate reason for failure to do so. The plaintiffs' complaint amounts to allegations that the defendant's union and employer conspired to deprive plaintiffs of their jobs. In *Glover v. St. Louis–San Francisco Railway Co.*,[4] plaintiff employees sought redress against defendant's union and employer for relief from an alleged conspiracy to racially discriminate against plaintiff with respect to seniority rights. The Supreme Court in *Glover* disposed of the contention of the defendant's union and employer that plaintiffs should have exhausted their union's administrative remedies in the following manner:

> The respondents also argue that the complaint should be dismissed because of the petitioners' failure to exhaust their remedies under the collective bargaining agreement, the union constitution, and the Railway Labor Act. They rely particularly on *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), and *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The Court has made clear, however, that the exhaustion requirement is subject to a number of exceptions for the variety of situations in which doctrinaire application of the exhaustion rule would defeat the overall purposes of federal labor relations policy.... The circumstances of the

present case call into play another of the most obvious exceptions to the exhaustion requirement—the situation where the effort to proceed formally with contractual or administrative remedies would be wholly futile. In a line of cases beginning with *Steele v. Louisville & Nashville R. Co.*, [323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944)] the Court has rejected the contention that employees alleging racial discrimination should be required to submit their controversy to "a group which is in large part chosen by the [defendants] against whom their real complaint is made." 323 U.S., at 206, 65 S.Ct. at 234. And the reasons which prompted the Court to hold as it did about the inadequacy of a remedy before the Adjustment Board apply with equal force to any remedy administered by the union, by the company, or both, to pass on claims by the very employees whose rights they have been charged with neglecting and betraying.

There are many subsequent cases that also hold that exhaustion is unnecessary where futility is apparent. See *Fulton Lodge No. 2 IAM v. Nix*, 415 F.2d 212, 216 (5th Cir. 1972); *Winter v. Local Union No. 639*, 569 F.2d 146, 150 (D.C.Cir.1978); pointing out that courts "have held almost unanimously that the defense of failure to exhaust union remedies is *not* available to the employer" [emphasis in original]; and *Baldini v. Local Union No. 1095*, 581 F.2d 145, 150 (7th Cir. 1977), setting out exceptions to the *Winter* rule, none of which is appropriate here.

We conclude that plaintiffs are not required in their complaint to specifically allege that the exhaustion of remedies would be futile if the facts alleged demonstrated such futility as is apparent in this case.

Having found that the district court erred in one of the substantive grounds for dismissing appellant's complaint, we now consider whether the dismissal can be sustained on procedural grounds. Local Court Rule 91.2 provides:

---

**3.** *San Diego Bldg. Trades Council v. Garmon*, supra.

**4.** 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969).

**1214**

Each party opposing a motion shall serve and file a response, reply memorandum, affidavit or other responsive material not later than ten days after service of the motion, except that in cases of motion for summary judgment the time shall be twenty days after the service of the motion. Failure to file a response shall indicate that there is no opposition to the motion.

■ Plaintiffs' complaint was filed October 31, 1977. On January 27, 1978, answers were filed by the union defendants, and motions to dismiss with attached memoranda were filed on behalf of the company defendant. On April 28, 1978, an order issued granting defendants' motions to dismiss "because," as the trial judge stated, "they are unopposed."

"Dismissal with prejudice is a severe sanction which should only be used in extreme circumstances."[5] Because dismissal with prejudice operates as an adjudication on the merits, Fed.R.Civ.P. 41(b), it should be applied infrequently, and only when it is justified by extreme delay.[6]

In *Luna v. International Association of Machinists & Aerospace,*[7] this circuit considered a case where plaintiff failed to appear in a timely manner for trial. As a result, the district court dismissed the plaintiff's complaint with prejudice and this court reversed. In so holding, the court stated, "[b]efore a trial judge dismisses a complaint with prejudice, there should be a clear record of delay or contumacious conduct, and a finding that lesser sanctions would not serve the system of justice." *Id.,* at 531.

The trial court should have considered some sanction other than dismissal with prejudice for failure to observe a filing deadline. The three–month delay between the filing of defendant's motion to dismiss and entry of judgment against plaintiffs did not constitute the type of extreme delay to which the court referred. Accordingly, we remand for rehearing on the merits.

Judgment AFFIRMED in part and, in part, VACATED AND REMANDED.

---

5. *Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210 (5th Cir. 1976); *Emerick v. Fenick Industries, Inc.,* 539 F.2d 1379 (5th Cir. 1976).

6. *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 246–48 (5th Cir. 1980).

7. 614 F.2d 529 (5th Cir. 1980).