**Vassalee D. COLLINS, Plaintiff,**

v.

**GENERAL TIME CORPORATION, a corporation, Defendant.**

**Civ. A. No. 81–AR–1851–M.**

United States District Court,
N.D. Alabama, M.D.

Oct. 12, 1982.

See also, D.C., 549 F.Supp. 768.

Joseph A. Hornsby, William H. Rhea, III, of Rhea, Boyd & Rhea, Gadsden, Ala., for plaintiff.

H.H. Grooms, Jr., of Spain, Gillon, Riley, Tate & Etheredge, Birmingham, Ala., R. Kent Henslee, John T. Robertson, of Henslee & Bradley, Gadsden, Ala., for defendant.

## MEMORANDUM OPINION

ACKER, District Judge.

This case involves a complaint by Vassalee D. Collins against her employer, General Time Corporation. The complaint and the depositions reflect that after Ms. Collins had received an injury on the job and was recovering at home, George Sachleben, General Time's Industrial Relations Manager came to her home, uninvited, demanded that she come back to work, implied that she was a malingerer, and threatened to fire her in order to force her back to work, all of which she alleges caused her embarrassment, anxiety and nervousness. General Time's motion for summary judgment, as amended, is based upon its contentions: (1) that the National Labor Relations Act and the Labor Management Relations Act preempt the jurisdiction of the courts as to claims for emotional distress where an employer-employee relationship is involved and where a Collective Bargaining Agreement exists; and (2) that Mr. Sachleben's conduct cannot add up under Alabama law to a cause of action for outrage which would allow recovery for mental anguish. General Time is wrong in both contentions.

The Court is not prepared to say, and cannot say on motion for summary judgment, where all factual inferences are to be indulged against the movant, that the requisite elements of the tort of outrage under the law of Alabama do not here exist. The fact that Mr. Sachleben gratuitously came to plaintiff's home when she had broken ribs, and, in effect, called her a liar by suggesting that she was feigning her job related injuries, may be so outrageous as to constitute an incident upon which a reasonable person, i.e., a jury, could form the belief that defendant intended to cause severe emotional distress, as recognized in *American Road Service Co. v. Inmon,* 394 So.2d 361 (Ala.1980). There is a marked distinction between Mr. Sachleben's conduct vis-a-vis Ms. Collins and his conduct vis-a-vis Ms. Collins' daughter, Francis Cushing. The Court has contemporaneously discussed and found the latter conduct not to form any basis for a viable claim by Ms. Cushing under Alabama law. See Memorandum Opinion in CV 81–AR–1850–M, 549 F.Supp. 768.

In Ms. Cushing's case the occurrence, mainly a name calling contest, took place on the employer's premises, whereas in Ms.

Collins' case the most questionable part of the employer's conduct took place "off premises", some distance from the actual place of employment. Ms. Cushing was disciplined by her employer for maliciously talking about what happened to her mother. She reacted to it pursuant to the grievance machinery. General Time took no disciplinary action against Ms. Collins, and if Ms. Collins has any complaint against her employer it would seem that it is the kind of complaint which must be evaluated, if at all, under the tort laws of the jurisdiction where the occurrence took place and not under any procedures contemplated by the Collective Bargaining Agreement or by the federal labor laws.

■ The second defense presented by General Time's motion for summary judgment gives the Court less difficulty than the first. It is that federal law preempts Ms. Collins' state claim. Here, Ms. Collins did not employ, nor attempt to employ, whatever contractual remedy was provided by the Collective Bargaining Agreement negotiated on her behalf by her Union. The motives or reasons for her decision in this regard are not known, nor are they material. They probably were her frustration over the inadequacy of the grievance machinery and her assessment that she did not have what employees usually think of as a "grievance" in the sense of an employee reaction to company administered discipline or to an adverse finding by the company on some issue which affects working conditions. The assertion by General Time in this case is not that Ms. Collins is estopped or precluded by having pursued a contractual remedy to some conclusion, favorable or unfavorable, but that the federal labor scheme simply preempts tort claims for emotional distress by employees whose employer-employee relationship comes within the purview of N.L.R.A. or L.M.R.A. General Time predictably relies upon *Ramsey v. Signal Delivery Service, Inc.,* 631 F.2d 1210 (5th Cir. 1980). It is certainly true that in *Ramsey* the Fifth Circuit said:

> ... the district court was correct in dismissing plaintiffs' pendant state tort claims for emotional distress on the ground that the common law has been preempted by federal statute [referring to L.M.R.A.]. (631 F.2d 1212)

This broad language, if taken literally, would be persuasive. However, *Ramsey* was dealing with an alleged union-employer conspiracy where the allegations were held by the Fifth Circuit to justify plaintiff's failure to exhaust internal Union remedies. The Fifth Circuit quoted *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), for the proposition that L.M.R.A. "requires that state jurisdiction must yield" where "alleged discriminatory treatment ... is precisely the type of conduct the federal labor laws intended to prohibit". (631 F.2d 1213). In *Ramsey* the Fifth Circuit was looking at a claim of *discrimination.* Here this Court is not looking at a claim of discrimination, but rather at a claim of outrageous conduct with no apparent basis in conspiracy or discrimination. Furthermore, *Ramsey* does not refer to, nor deal with, *Farmer v. United Brotherhood of C & J of America, Local 25,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977), where the Supreme Court said in a L.M.R.A. controlled situation:

> With respect to Hill's claim of intentional infliction of emotional distress, we cannot conclude that Congress intended exclusive jurisdiction to be in the Board. (emphasis supplied). (430 U.S. at 300, 97 S.Ct. at 1063)

The Supreme Court continued and perhaps anticipated *American Road Service Co. v. Inmon, supra,* by saying:

> The State on the other hand, has a substantial interest in protecting its citizens from the kind of abuse of which Hill complained. That interest is no less worthy of recognition because it concerns protection from emotional distress caused by outrageous conduct, rather than protection from physical injury, as in [*Automobile Workers v.*] *Russell* [356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030], or damage to reputation, as in *Linn* [*v. Plant Guard Workers,* 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582]. Although recognition of

the tort of intentional infliction of emotional distress is a comparatively recent development in State law, see W. Prosser, Law of Torts, Sec. 12, pp. 39–50 (5th ed. 1971), our decisions permitting the exercise of state jurisdiction in tort actions based on violence or defamation have not rested on the history of the tort at issue, but rather on the nature of the State's interest in protecting the health and well-being of its citizens. (430 U.S. at 303, 97 S.Ct. at 1065)

General Time attempts to distinguish *Farmer* on the ground that it involved an employee's claim against his Union, whereas this case involves an employee's claim against his employer. There is nothing in the rationale of the Supreme Court in *Farmer* which would recognize such a distinction. The reasoning would seem to apply here and would tolerate jurisdiction in a State court, and in this Court upon removal for diversity, to hear a plaintiff's claim of outrage where such a claim exists under State law.

*Farmer* outlines three tests for determining whether or not a State court action should be allowed when the conduct involved is in a labor relations context. The first question is whether or not the underlying conduct is protected by the National Labor Relations Act. The Court finds no provision in any federal statute which protects against the kind of conduct here complained of, particularly where the conduct did not occur as part of the expectedly robust conversations which take place in a labor dispute. The second inquiry is whether the State has an overriding interest in protecting its citizens from particular conduct. In *Farmer* the Supreme Court recognizes that a State's interest in protecting its citizens from mental distress proximately resulting from abusive conduct is very similar to its interest in protecting its citizens from physical injury. In *American Road Service Co. v. Inmon, supra,* the Supreme Court of Alabama seems to echo the Supreme Court of the United States. The third question is how much risk is there of interrupting the administration of a national labor policy if a State claim is allowed to proceed. Because no labor dispute is involved, this complaint can readily be adjudicated without reference to, and without impinging upon, any underlying or broader employee-employer controversy. If Ms. Collins has no state remedy she, as a practical matter, has no means of redress if a wrong has been committed. *Fruit & Vegetable Packers & Whse. Local 760 v. Morley,* 378 F.2d 738 (9th Cir. 1967).

In short, Ms. Cushing had an adequate contractual remedy for her particular complaint, and she availed herself of it. The proof of non-futility is that she obtained substantial relief. The two weeks suspension beats termination like a full house beats two of a kind. Ms. Collins did not have an adequate contractual remedy for her complaint, and she did not have to perform a futile act before going to court to assert her Alabama tort claim.

For the foregoing reasons the Court concludes that defendant's motion for summary judgment is due to be denied. This opinion should be read in conjunction with the contemporaneous opinion in *Francis Cushing v. General Time Corporation,* 549 F.Supp. 768, CV 81–AR–1850–M.

An appropriate order is being contemporaneously entered.