Francis CUSHING, Plaintiff,

v.

GENERAL TIME CORPORATION, a corporation, Defendant.

Civ. A. No. 81–AR–1850–M.

United States District Court,
N.D. Alabama, M.D.

Oct. 12, 1982.

See also, D.C., 549 F.Supp. 770.

Joseph A. Hornsby, William H. Rhea, III, of Rhea, Boyd & Rhea, Gadsden, Ala., for plaintiff.

H.H. Grooms, Jr., of Spain, Gillon, Riley, Tate & Etheredge, Birmingham, Ala., R. Kent Henslee, John T. Robertson of Henslee & Bradley, Gadsden, Ala., for defendant.

## MEMORANDUM OPINION

ACKER, District Judge.

This case involves a complaint by Francis Cushing against her employer, General Time Corporation, claiming that George Sachleben, as General Time's Industrial Relations Manager, threatened her with termination, charged her with "malicious gossip", talked to her in an ugly way and later suspended her, causing her embarrassment and emotional distress. The matter comes for consideration upon General Time's motion for summary judgment which, without objection, was amended to assert an affirmative defense based on plaintiff's having, prior to the suit, exhausted the grievance machinery remedy provided by the Collective Bargaining Agreement. Although General Time's answer did not raise any affirmative defenses, its motion for summary judgment did, and the Court deems the answer to conform to the defenses which were actually argued by both sides. Urged by the defendant and resisted by the plaintiff, are three alleged absolute defenses: (1) where, as here, there was a Collective Bargaining Agreement in effect, the Labor Management Relations Act preempts an employee's state tort claim for emotional distress if it arises in the employment context; (2) where, as here, the employee presents the same basic complaint to the decision makers provided by the Collective Bargaining Agreement, the employee is thereafter estopped by a principle akin to judicial estoppel or res judicata; and (3) that the undisputed facts of this transaction do not constitute a cause of action under the tort law of Alabama as one of outrage permitting recovery for emotional distress. With the latter two propositions the Court agrees.

General Time's motion for summary judgment in this case peculiarly does not rely upon the deposition of George Jackson, which is the only evidentiary source available for knowing the terms of the Collective Bargaining Agreement. However, because Vassalee D. Collins invokes the deposition of George Jackson in defense of the motion for summary judgment in CV 81–AR–1851–M, 549 F.Supp. 770, and because that case has been consolidated with this one for trial, a fact under Rule 42(a) F.R.C.P. which allows consideration of both cases together on motions for summary judgment, the Court deems the Collective Bargaining Agreement as an undisputed item of fact upon which the Court can base a ruling in this case.

■ It is clear from the deposition of Francis Cushing and from the Collective Bargaining Agreement that Ms. Cushing invoked her contractual remedy. At p. 12 of her deposition she refers to having been fired. At p. 18 of her deposition she agrees that her "*discharge* was reduced to two weeks' suspension" after she complained. Her claim was processed by her Union representative to a semi-successful conclusion. She has not claimed in her complaint, nor attempted to suggest, that her Union failed adequately to represent her or to meet its duty obligations to her. Article 11 of the Agreement indicates that a final determination under the earlier stages of the grievance machinery is final and binding if arbitration is not sought, and arbitration here was not sought. Under these undisputed facts, *Lomax v. Armstrong Cork Co.*, 433 F.2d 1277, 1280 (5th Cir. 1970), citing *Haynes v. United States Pipe and Foundry Co.*, 362 F.2d 414 (5th Cir. 1966) controls. It holds:

> [W]here the grievance procedure provides that the decision is final and binding, the parties will be precluded from subsequently seeking an adjudication in the courts. (433 F.2d 1250)

*Harris v. Chemical Leaman Tank Lines, Inc.*, 437 F.2d 167 (5th Cir. 1971) reaffirms this Fifth Circuit position when it says:

Assuming that grievance procedures have been exhausted by the union, the individual grievant is ordinarily bound by a resulting adverse decision which is "final" and "binding" on the parties to the contract. *Boone v. Armstrong Cork Co.,* 5 Cir., 384 F.2d 285 (1967); *Hayes v. United States Pipe & Foundry Co.,* 5 Cir., 362 F.2d 414 (1966). "Final adjustment by a method agreed upon by the parties" being the declared goal of federal labor policy, courts will refuse to review the merits of such a decision. (437 F.2d 171)

On the basis of these decisions, the Court concludes that substantially the same claim which plaintiff here attempts to present has already been presented by her under her contractual remedy and finally determined, and she has made no claim against her Union which would avoid the finality of the grievance decision.

■ Furthermore, construing in plaintiff's favor all of the material considered on motion for summary judgment, including the depositions, there are no facts which meet the criteria set forth in *American Road Service Co. v. Inmon,* 394 So.2d 361 (Ala.1980), for the tort of outrage so as to expose a defendant to liability for emotional distress. *Inmon* adopted *Restatement (Second) of Torts,* § 46, the Comment to which points out that "insults", "indignities" and "threats" can form no basis for liability under the doctrine. Plaintiff here may well have been subjected to "insults", "indignities" and "threats". These things alone, however, do not amount to a cause of action under Alabama law entitling her to damages for emotional distress. But, even if they did, plaintiff has obtained an adjudication of her claim in a forum which she selected, and that determination is final and binding upon her.

In light of the foregoing it is unnecessary for the Court to decide or to discuss defendant's contention that the Labor Management Relations Act precludes all jurisdiction over state causes of action for emotional distress in the labor-management relations context, although that issue will be addressed by the Court in a memorandum opinion being today entered in *Vassalee D. Collins v. General Time Corporation,* 770 F.Supp. 549 (CV 81–AR–1851–M), which, as previously stated, has been consolidated with this case.

For the foregoing reasons the Court concludes that defendant's motion for summary judgment is due to be granted. An appropriate order is being contemporaneously entered.