**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 9, 2012

Lyle W. Cayce
Clerk

No. 11-30175

BELVA WEBB; FAITH WEBB,

Plaintiffs - Appellants

v.

JOSEPH P. MORELLA,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-CV-1557

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

The appellants, Belva and Faith Webb, filed this cause against Joseph
Morella, their lawyer and a part-time city magistrate, asserting in their
complaint a disorganized smattering of federal and state law tort claims against
Morella. Morella moved for dismissal of the case under Federal Rule of Civil
Procedure 12(b)(6), contending that the Webbs had failed to state a claim for
which relief could be granted. Morella also filed a motion for sanctions under
Federal Rule of Civil Procedure 11, claiming that the Webbs' complaint was filed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-30175

for the improper purpose of harassing him. The district court granted the motion to dismiss as "unopposed" under local rules, because the Webbs' response in opposition was one day late and did not contain a table of contents and a table of authorities. The district court also granted the Rule 11 motion, awarding Morella $18,221.72 in attorney's fees and costs, because the motion was "unopposed." For the following reasons, we VACATE both the dismissal of the Webbs' complaint under Rule 12(b)(6) and the district court's grant of Rule 11 sanctions, and REMAND the case for further proceedings.

I.

The appellee, Joseph Morella, is a Louisiana lawyer engaged in private practice who also serves as a magistrate on the Mayor's Court for the Louisiana towns of Patterson and Berwick. Morella, in his private practice, acted as closing attorney for Belva and Faith Webb when they purchased a parcel of land in Patterson, Louisiana, in 2003.

We advance the story to 2004. Patrick LaSalle, the local sheriff, became interested in buying the property from the Webbs. The Webbs entered a contract to sell their property to LaSalle; and, as a part of this contract, LaSalle paid the Webbs a $1,000 deposit. Morella was retained to act as the closing attorney in this transaction. LaSalle later backed out of the purchase, apparently because of liens attached to the property. When the Webbs refused to return the deposit, Morella filed a lawsuit against his former clients seeking the return of LaSalle's $1,000 deposit. The state court entered a default judgment against the Webbs in that suit on January 13, 2005.

On October 12, 2009, the Webbs belatedly attempted to return the deposit to LaSalle, who advised them to speak to his attorney, Morella. The Webbs then went to Morella's private law office. The couple confronted Morella about the failed sale to LaSalle, the deposit, the related state court judgment, and the existence of liens on their property. The Webbs allege that, as they were being

2

No. 11-30175

chased out of his office, Morella verbally abused them by yelling various and sundry racial slurs. As they were fleeing, Morella began to physically threaten the couple, causing Faith Webb to stumble down the stairs and hurt herself. Morella denies making threats or using racial slurs; instead, he says that the Webbs became belligerent and had to be removed from his office by local police.

On October 12, 2010, the Webbs filed a complaint in the United States District Court for the Western District of Louisiana, naming Morella as defendant and asserting claims under federal and state law based on the confrontation at the law office.

Morella filed a motion to dismiss the complaint on December 7, 2010, and a motion for sanctions under Federal Rule of Civil Procedure 11 on December 8, arguing that the Webbs filed the complaint solely for the purpose of harassment. By local rule, the Webbs' response to the motion to dismiss was due on December 29, 2010, and their response to the motion for sanctions under Rule 11 was due on December 30, 2010. The district court notified the parties on the day the Rule 11 motion was filed that it would hear oral arguments on both motions on January 13, 2011.

On December 28, the Webbs filed a motion to continue oral argument and to extend the time to file a response to Morella's two motions. The Webbs' motion was deficient, and a notice of deficiency issued.[1] They revised this motion and refiled on January 3, 2011. In an order dated January 7, the district court extended the Webbs' deadline for filing their opposition to Morella's motions to January 13, but also ordered that the motions would be decided without oral argument.

---

[1] The document was deficient in two respects: (1) It was not accompanied by a certificate of service as required by FED. R. CIV. P. 5(d); and (2) it did not indicate whether opposing counsel consented to the granting of an ex parte motion as required by LR 7.4.1, 7.6, and 7.9.

No. 11-30175

On January 13—the Webbs' deadline for filing their opposition to Morella's motions—the Webbs filed a deficient memorandum in opposition to the motion for Rule 11 sanctions.[2]  The next day, they filed a deficient memorandum in opposition to the motion to dismiss.[3]  The district court issued notices of these deficiencies on January 14.  Although the notices allowed the Webbs to file corrective documents within ten days, the Webbs filed no additional memoranda.  Morella nonetheless filed replies to the Webbs' deficient filings on January 19.

The district court granted both Morella's 12(b)(6) and Rule 11 motions, dismissed the Webbs' complaint with prejudice, and entered final judgment on January 25.  The court awarded Morella, under Rule 11, $18,221.72 in attorney's fees and other litigation costs, to be paid by "the plaintiffs and/or their counsel."  The court's stated reason for granting both motions was that the motions were "unopposed."  This appeal timely followed.

## II.

On appeal, the Webbs solely challenge the district court's dismissal of their complaint with prejudice based on the violation of a local rule.

## A.

The district court dismissed the Webbs' complaint on the grounds that it failed to comply with a local rule which "requir[es] parties who oppose motions to file statements in opposition."[4]  LR 7.5W.

---

[2] This time the deficiencies were the Webbs' failure to include a table of contents and a table of authorities for briefs exceeding ten pages in violation of LR 7.8.

[3] The Webbs also failed to include a table of contents and a table of authorities in their memorandum in opposition to the motion to dismiss, which violated LR 7.8.

[4] The district court granted the motion to dismiss the complaint under Rule 12(b)(6) because it was "unopposed." The Federal Rules of Civil Procedure, however, do not, by their own terms, require a party to file a response in opposition to a motion to dismiss. See FED. R. CIV. P. 12. Accordingly, the district court improperly granted the motion to dismiss for failure to state a claim solely because the Webbs failed to oppose the motion. See *John v. Louisiana*, 757 F.2d 698, 707-10 (5th Cir. 1985) ("[A]lthough we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic

No. 11-30175

Although a district court's discretionary authority to formulate and enforce local rules for the orderly and expeditious handling of cases is quite broad, our case law establishes that this discretion is limited by considerations of fairness to the litigants. *See John*, 757 F.2d at 709. To this end, we have approached the automatic grant of a dispositive motion, such as a dismissal with prejudice based solely on a litigant's failure to comply with a local rule, with considerable aversion. *See id.*; *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Dismissal with prejudice denies a litigant the opportunity to be heard and "operates as an adjudication on the merits." *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980). Consequently, it is a "severe sanction" that should "be used only in extreme circumstances." *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212 (5th Cir. 1976); *see also Flaska v. Little Marine Const. Co.*, 389 F.2d 885, 887 (5th Cir. 1968) ("[D]ismissal of an action with prejudice and entry of judgment by default are drastic remedies which should be used only in extreme situations, as the court has a wide range of lesser sanctions."); *Durgin v. Graham*, 372 F.2d 130, 131 (5th Cir. 1967) ("The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion.").

In rare cases, we have allowed a district court to dismiss a claim with prejudice based on a litigant's egregious and continued refusal to abide by the court's deadlines. *See Callip v. Harris Cnty. Child Welfare Dep't.*, 757 F.2d 1513, 1519-22 (5th Cir. 1985) (holding that failure to meet nine court-imposed deadlines meets the high standard warranting dismissal with prejudice); *see also*

---

grant, upon failure to comply with such rules, of motions that are dispositive of the litigation."). When entering judgment, the district court did not consider the merits of the Webbs' complaint, so there is no merits-based reasoning for the panel to review. Even though the district court purported to grant a 12(b)(6) motion, this dismissal is reasonably construed as a sanction for not complying with the Western District of Louisiana's Local Rule requiring parties who oppose motions to file responses in opposition.

No. 11-30175

*Delta Theatres, Inc. v. Paramount Pictures,* 398 F.2d 323, 325 (5th Cir.1968) (per curiam) (affirming dismissal of a fourteen-year-old case that was unprosecuted for seven years). "[Before] a trial judge dismisses a complaint with prejudice, there should be a clear record of delay or contumacious conduct, and a finding that lesser sanctions would not serve the system of justice." *Ramsey,* 631 F.2d at 1214 (internal quotation marks omitted) (quoting *Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local No. 36*, 614 F.2d 529, 531 (5th Cir. 1980)). Most cases affirming dismissals with prejudice involve "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Berry*, 975 F.2d at 1191 (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)) (alteration in original).

## B.

The Webbs argue that their conduct was not contumacious and that the district court did not consider lesser sanctions. The Webbs point to the fact that they did file a brief in opposition to the motion to dismiss, but the district court did not consider it because it did not contain a table of contents or a table of authorities. The Webbs contend that their failure to comply with local rules was not intentional and that the absence of the table of contents and the table of authorities did not prejudice Morella because he was able to file a reply to the Webbs' opposition memorandum.

Morella counters that the Webbs' misconduct satisfies the high standard warranting dismissal with prejudice. Morella argues that the Webbs made deficient filings on two occasions, resulting in missed deadlines. Furthermore, the Webbs failed to correct their second series of filings, even though the district court issued deficiency notices stating that a failure to correct the filings would result in them being stricken by the court. Morella further argues that any lesser sanction would not have effect, because the Webbs have continued to file

technically deficient documents before this court. Thus, the Webbs' pattern of conduct following the dismissal demonstrates that the Webbs would have continued to violate rules and deadlines in the lower court.

First, we consider whether the Webbs behaved contumaciously. Contumacious conduct is that which goes beyond mere negligence and evinces "stubborn resistance to authority." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (internal quotation marks and citation omitted). Moreover, conduct that is "careless, inconsiderate, and understandably exasperating to a conscientious trial judge" is not necessarily contumacious. *John v. Louisiana*, 828 F.2d 1129, 1131-32 (5th Cir. 1987). Although the Webbs and their attorney could be correctly chastised for attempting to file motions after the deadline and for failing to abide by the district court's filing requirements, this conduct is simply not sufficiently egregious and repeated to amount to more than negligence. These mistakes do not appear to constitute deliberate and incorrigible resistance to the court's authority, and it generally takes more than missing two court-imposed deadlines to meet this high standard. *See Morris v. Ocean Sys., Inc.* , 730 F.2d 248, 252-53 (5th Cir. 1984) (holding that missing two court-imposed deadlines does not meet the high standard warranting dismissal with prejudice). Thus, we are convinced that no clear pattern of contumacious conduct by the Webbs justifies the district court's decision to dismiss their complaint with prejudice.

We turn next to whether the Webbs' conduct created extreme delay. The Webbs missed their first deadline for opposing the 12(b)(6) motion, not because of chronological failings, but because their otherwise timely motion for an extension of time was deficient; still, they obtained an extension of time one week later. Their second attempt to respond to Morella's motion was both one day late and deficient. Such behavior is undoubtedly sanctionable by the district court. However, it does not amount to a showing of the level of misconduct that

7

we require for a dismissal with prejudice. The district court dismissed the case eleven days after the Webbs' deadline to properly oppose Morella's motion had expired, six weeks after Morella filed a motion to dismiss, and three and a half months after the Webbs filed their initial complaint. We have repeatedly stated that a delay of only a few months does not constitute extreme delay for the purpose of dismissal with prejudice. *See, e.g.*, *Ramsey*, 631 F.2d at 1214 ("The three-month delay between the filing of defendant's motion to dismiss and entry of judgment against plaintiffs did not constitute the type of extreme delay to which the court referred."). Thus, a dismissal with prejudice on the basis of a three-week delay is not justifiable. *See Woodham v. American Cytoscope Co. of Pelham, N.Y.*, 335 F.2d 551 (5th Cir. 1964).

Finally, we have consistently emphasized that the district court should consider lesser sanctions before dismissing a case with prejudice. *Ramsey*, 631 F.2d at 1214. There is no indication that the district court ever considered less severe sanctions or that lesser sanctions would not have succeeded in obtaining the Webbs' compliance with the rules.

Thus, because the district court's dismissal of the Webbs' complaint with prejudice conflicts with our established rule that dismissal is only appropriate after consideration of less severe sanctions by the trial court and a clear record of contumacious conduct or extreme delay, we vacate the district court's dismissal of the Webbs' complaint.[5]

---

[5] As we have earlier noted, the district court granted Morella's motion for sanctions and imposed attorney's fees against the Webbs in the amount of $18,221.72. The grounds for granting Morella's Rule 11 motion were identical to those asserted for granting Morella's Rule 12(b)(6) motion to dismiss — the motion was unopposed under the local rules because the Webbs failed to include a table of contents and a table of authorities. Because the 12(b)(6) motion was not dismissed on the merits but, instead, for failure to comply with local rules, we have treated the dismissal of the complaint with prejudice as a sanction and have held that it is an improper sanction under the circumstances. Thus, given that the grant of the motion for Rule 11 sanctions was on the same grounds, it is likewise improper. Moreover, Rule 11 sanctions can only be granted in situations when attorneys *sign* a pleading or filing that

No. 11-30175

### III.

In conclusion, the district court erred: (1) by dismissing the Webbs' complaint with prejudice, because the Webbs did not engaged in contumacious conduct or extreme delay, and (2) by awarding Morella attorney's fees and costs under Rule 11.  Thus, we VACATE the orders and judgment of the district court and REMAND the case for further proceedings.

VACATED and REMANDED.

---

directly violates the rule itself; therefore, a district court may never grant a Rule 11 motion because it is unopposed and must always make a determination of the merits of the rule violation. *See generally*, *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866 (5th Cir. 1988) (en banc).  Accordingly, we vacate the district court's order granting Rule 11 sanctions.