# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 15, 2012

No. 11-40774
Summary Calendar

Lyle W. Cayce
Clerk

JOHN DAVID LUERA,

Plaintiff - Appellant

v.

KLEBERG COUNTY TEXAS; Deputy CAVAZOS,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CV-369

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant John David Luera appeals the summary judgment dismissing his claims, and the denial of his motion for a continuance. The district court found that Defendant-Appellee Albert Cavazos was entitled to qualified immunity on Luera's constitutional claims and official immunity on Luera's state law claims. The court further held that Cavazos had not violated any of Luera's constitutional or statutory rights and, consequently, granted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40774

summary judgment in favor of Kleberg County. We AFFIRM the judgment of the district court, based on its well-reasoned opinion.

I.

On June 25, 2010, Luera was driving through Kleberg County, Texas, when he was pulled over for speeding by Cavazos, a patrol sergeant with the Kleberg County Sheriff's Department. When Deputy Cavazos approached Luera's car, Luera presented the officer with both a driver's license and a Texas Commission on Law Enforcement Officer Standards and Education ("TCLEOSE") license. Upon further questioning, Luera told Deputy Cavazos that he was employed with the Falfurrias Police Department.

During the course of the stop, Deputy Cavazos contacted the Kleberg County Sheriff's Department and requested that it verify Luera's employment as a Falfurrias police officer. In response, the Falfurrias Police Department said that Luera had not been employed as a police officer for almost two months. Luera told Cavazos that he was not an active police officer because of an injury; however, he insisted that he was still employed with the department and that his TCLEOSE license was still active.

Nevertheless, Cavazos arrested Luera for impersonating a public servant and booked him in the Kleberg County jail where he was detained for two days. All charges against Luera were eventually dismissed by the Kleberg County District Attorney's Office.

On November 19, 2010, Luera filed a complaint against Cavazos in the United States District Court for the Southern District of Texas, alleging § 1983 causes of action for malicious prosecution and violation of his Fourth Amendment rights as well as state law causes of action for malicious prosecution and false imprisonment. Luera also sued Kleberg County under section 1983, on the basis of malicious prosecution and that the County failed to properly supervise and train its employees.

No. 11-40774

On March 14, 2011, Cavazos filed a motion for summary judgment. Luera did not respond to Cavazos's motion for summary judgment, and the district court treated the motion as unopposed. The district court proceeded to an analysis on the merits and granted Cavazos's motion. The court held that Cavazos was entitled to qualified immunity on Luera's constitutional claims because Cavazos had probable cause to arrest Luera, had acted reasonably under the circumstances, and had not violated any of Luera's constitutional rights. The court further ruled on Luera's state law claims finding that Cavazos was entitled to official immunity under Texas state law and that the Texas Tort Claims Act does not apply to intentional torts.

Given the district court's prior determination that Cavazos had probable cause to arrest Luera and that Cavazos did not violate Luera's constitutional rights, Kleberg County moved for summary judgment on May 16, 2011, on grounds that municipalities cannot be liable for violations of § 1983 if its officers do not inflict any constitutional harm. Instead of responding to Kleberg County's motion, Luera requested additional time for discovery and moved for reconsideration of the court's grant of summary judgment to Cavazos. On June 27, 2011, the district court granted summary judgment in favor of Kleberg County, finding that there were no genuine issues of material fact to be discovered and that Luera's constitutional rights had not been violated. In turn, the district court denied Luera's motion for a continuance.

Luera appeals the district court's judgment on the basis (1) that the court improperly dismissed the suit with prejudice as a sanction, because Luera failed to respond to the defendants' motions for summary judgment; (2) that summary judgment was improper because there are many genuine issues of material fact

No. 11-40774

that have not been resolved; and (3) that the court erred by rejecting Luera's motion for a continuance.[1]

## II.

First, Luera contends that the district court improperly dismissed his suit with prejudice because he failed to file a response to Cavazos's summary judgment motion. We have approached the automatic grant of a dispositive motion, such as a grant of summary judgment based solely on a litigant's failure to respond, with considerable aversion; and we have permitted such dismissals only when there is a record of extreme delay or contumacious conduct. *See Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980). In this case, however, the record makes clear that the district court dismissed the suit based on its merits and not as a sanction. Thus, we find no merit to this argument.

## III.

Next, Luera argues that summary judgment was premature because there remained unresolved questions whether Cavazos was entitled to qualified immunity.[2]

The qualified immunity analysis is a two-step inquiry. *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001). First, the court must determine whether the plaintiff has alleged a violation of a constitutional right. *Id.* (citing *Hale v. Townley*, 45 F.3d 914, 917 (5th Cir. 1995)). Second, if the plaintiff has alleged a constitutional violation, the court must decide whether the conduct was

---

[1] On appeal, Luera has forfeited his § 1983 malicious prosecution claim and both of his state law claims. *See generally United Paperworkers Int'l Union v. Champion Int'l Corp.*, 908 F.2d 1252, 1255 (5th Cir. 1990) ("[A]n appellant abandons all issues not raised in its *initial* brief.") (citations omitted).

[2] Luera also argues that there is a fact issue concerning whether Cavazos had probable cause to arrest him and whether Cavazos's actions violated Luera's "statutory or constitutional" right; these inquiries, however, are subsumed into the qualified immunity analysis.

objectively reasonable in the light of clearly established law *Id.* (citing *Hale*, 45 F.3d at 917). On this note, both parties concede that searches and seizure completely lacking probable cause violate the clearly established bounds of the Constitution. *See generally Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) ("[A] qualified immunity defense cannot succeed where it is obvious that a reasonably competent officer would find no probable cause.").

The record shows that Cavazos had probable cause to arrest Luera for impersonating a police officer. The Texas Penal Code provides: "A person commits an offense if he . . . impersonates a public servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts . . . ." TEX. PEN. CODE § 37.11(a)(1). Furthermore, the undisputed facts are: (1) that Luera presented his TCLEOSE license to Cavazos; (2) that Luera informed Cavazos that he was employed by the Falfurrias Police Department; (3) that Cavazos received reliable information suggesting that Luera was not employed by the Falfurrias Police Department; and (4) that Cavazos "felt like Luera was alleging that he was a peace officer with the Falfurrias Police Department in order to induce [Cavazos] into not issuing [Luera] a ticket for speeding." In this situation, "at the moment the arrest was made . . . the facts and circumstances within [Cavazos's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man into believing" that Luera was violating § 37.11(a)(1) of the Texas Penal Code. *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (articulating the test for probable cause). Moreover, Luera points to no potential evidence which would undermine the reasonableness of Cavazos' probable cause determination during the arrest.[3] Thus, given that Cavazos had probable cause to arrest Luera, there was no

---

[3] Luera seeks to rely upon Cavazos's deposition, where he cannot recite verbatim the elements of the crime of impersonating a public officer. This, however, does not diminish the reasonableness of Cavazos' actions at the time of arrest.

No. 11-40774

constitutional violation in this case; and Cavazos and Kleberg County were therefore entitled to summary judgment.

## IV.

Finally, Luera contends that the district court erred by denying his Rule 56 motion for a continuance. A district court is not required to allow parties to conduct discovery before ruling on a motion for summary judgment. *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991). To obtain a Rule 56 continuance, the party opposing summary judgment "must present specific facts explaining how postponement of a ruling on the motion will enable him to rebut the movant's showing of the absence of a genuine issue of fact." *Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)); *see also Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas*, 364 F.3d 274, 304-05 (5th Cir. 2004) (holding that when ruling on a Rule 56 motion, "[a] district court may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts") (citation omitted). Moreover, "[i]t is not sufficient to allege that discovery is incomplete or that it will produce needed but unspecified facts." *McCarty*, 929 F.2d at 1088 (citing *Washington*, 901 F.2d at 1284-85). Here, Luera did not demonstrate what facts, if any, he would discover that would give rise to a constitutional claim against Kleberg County.[4] Thus, even though Rule 56 motions for a continuance should be "liberally" granted, no genuine issues of fact remained in this case, and the district court did not err by

---

[4] Luera filed the Rule 56 motion for a continuance almost two months after the court entered summary judgment in favor of Cavazos. Thus, with regard to his claims against Cavazos, the motion was untimely and procedurally barred. Furthermore, because the continuance would not affect the court's prior determination that Cavazos did not violate any of Luera's constitutional rights, it is unclear how Luera would derive any benefit whatsoever from more discovery.

No. 11-40774

denying Luera's motion for a continuance. *See generally*, *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999).

V.

We conclude that the district court did not err by granting summary judgment in favor of Cavazos and Kleberg County or by denying Luera's Rule 56 motion for a continuance. Accordingly, essentially for the reasons given by the district court in its well-considered opinion, the judgment is

AFFIRMED.