**Helen Jeanne ELLIOTT, Plaintiff,**

v.

**EMPLOYERS REINSURANCE CORPORATION, a Missouri corporation, Defendant.**

Civ. A. No. 81–2158.

United States District Court,
D. Kansas.

March 23, 1982.

J. Nick Badgerow, McAnany, Van Cleave & Phillips, Kansas City, Kan., for plaintiff.

Byron J. Beck, Overland Park, Kan., Gene S. Martin, Jr., Kansas City, Mo., for defendant.

## MEMORANDUM & ORDER

SAFFELS, District Judge.

This matter is before the Court on defendant's motion to dismiss Count II of plaintiff's complaint. This action is brought before the Court under the provisions of the Equal Pay Act [29 U.S.C. § 206]. Plaintiff alleges that defendant paid her a lower wage than that received by male employees doing the same work. Plaintiff seeks retroactive increase in pay, back pay, lost wages and benefits, liquidated damages, attorney fees and interest.

In Count II, plaintiff seeks recovery under the tort theory of outrage. Plaintiff contends that the mere failure of a defendant to provide female employees with equal pay constitutes tortious conduct. Furthermore, plaintiff alleges that defendant harassed her by telling her on one hand that she was doing satisfactory work, while on the other hand telling her that her work must "immediately improve" or she would be dismissed from her employment.

Plaintiff does not deny that there exists no independent jurisdiction in federal court over Count II. Plaintiff seeks to bring Count II within the Court's discretionary pendant jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Under the doctrine of that case, the Court may hear claims made under state law which derive from a common nucleus of operative facts with respect to a claim which is properly within the court's subject matter jurisdiction. Furthermore, the Court must consider:

(a) whether judicial economy, convenience and fairness to the litigants would be served by having the pendant state claims determined in a single proceeding;

(b) whether trying the pendant state law claims will cause jury confusion; and

(c) whether the pendant state claims present unsettled questions of state law. *See Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

The test for whether or not given conduct is outrageous enough to subject a defendant to liability in tort has been variously stated. In debtor-creditor relations in Kansas, outrageous conduct is conduct which "would be highly offensive to a reasonable man" [*Dawson v. Associates Financial Services Co.*, 215 Kan. 814, 529 P.2d 104 (1974)], or conduct which is "so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" [*Dotson v. McLaughlin*, 216 Kan. 201, 531 P.2d 1 (1975)]. The *Restatement 2d of Torts*, § 46, defines outrageous conduct in similar terms to *Dotson*, but does not confine the definition to debtor and creditor cases.

■ The Court holds that there is no basis for the assertion that unequal pay for equal work is conduct which goes beyond all bounds of decency, or is in any way so extreme and atrocious that such conduct should subject an employer to liability in tort as well as liability under federal law. Therefore, if Count II states a cause of action, it must do so on the grounds of harassment which rises to an intolerant and outrageous level.

■ If Count II is construed to allege a cause of action in tort for the alleged harassment of plaintiff, the issue is whether the district court has pendant jurisdiction over the subject matter of a claim for the tort of outrage arising out of plaintiff's employment, when a claim for violation of

the Equal Pay Act has also been asserted. The Court is convinced that there is no reason to exercise its pendant jurisdiction.

Under the Equal Pay Act, plaintiff has the initial burden of proving:

(1) an employer pays different wages to employees of the opposite sex,

(2) in an establishment, when they are doing

(3) equal work on jobs, the performance of which

(4) requires equal skill, effort and responsibility

(5) under similar working conditions

In Count I, plaintiff must prove facts relating to defendant's alleged discriminatory pay policies. In Count II, plaintiff must prove wholly unrelated harassing conduct in order to intentionally inflict emotional distress on plaintiff. Thus, there are no common elements of fact between Count I and Count II. Allowing plaintiff to plead and prove outrage will mean litigation of new issues of fact unrelated to the Equal Pay Act claims. Because of the possibility of punitive damages, the issue of harassment may come to dominate the trial and overshadow the federal claim which was the original basis of the Court's jurisdiction.

Plaintiff will be entitled to jury instructions on punitive damages under Count II, but plaintiff is not entitled to punitive damages under the Equal Protection Act. The Court is not anxious to stretch federal policy to allow a state remedy which is unavailable under applicable federal law.

There is also the danger of jury confusion. The jury may be unable to separate fully the arguments, evidence and testimony relative to the issue of outrage from arguments, evidence and testimony relevant only to the issue of violations of the Equal Pay Act.

Plaintiff argues against dismissal of Count II on the grounds that she intends to amend her complaint to allege violations of Title VII in regard to her charges of sex discrimination and retaliatory discharge. The Court has chosen not to consider this as a ground to avoid dismissal because the

amended pleadings are not before the Court at this time, and there is no basis to make a comparison between the Title VII counts plaintiff intends to file and the state law claim based on harassment that is contained in Count II.

 Plaintiff also argues that defendant waived any objection to the Court's jurisdiction by failing to raise the matter prior to their answer. The Court rejects this argument. Objection to the Court's subject matter jurisdiction may be raised at any time in the litigation. Federal Rule of Civil Procedure 12(h)(3).

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss Count II of plaintiff's complaint is hereby granted.