John L. SUTTON, Plaintiff,

v.

SOUTHWEST FOREST INDUSTRIES, INC., Defendant.

Civ. A. No. 83–2263–S.

United States District Court,
D. Kansas.

July 18, 1985.

David W. Hauber, Kenneth J. Reilly, Boddington & Brown, Kansas City, Kan., Elinor P. Schroeder, University of Kansas School of Law, Lawrence, Kan., for plaintiff.

Glenn I. Carbaugh, House, Norton & Mattix, Overland Park, Kan., C. Michael Mattix, Charles House, House, Norton & Mattix, Kansas City, Mo., Douglas C. Beach, Overland Park, Kan., William R. McKibbon, Jr., Haynswoth, Baldwin, Miles, Johnson, Greaves & Edwards, P.A., Greenville, S.C., for defendant.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for summary judgment. The court has determined that oral argument would not be of material assistance. Rule 15(d), Rules of Practice of the United

States District Court for the District of Kansas.[1]

This case arises out of plaintiff's termination as an employee of the defendant. Plaintiff alleges he was fired in contravention of the public policy of the state of Kansas in that he was discharged in retaliation for filing a workmen's compensation claim. Defendant denies that plaintiff was fired for such reason. In this summary judgment motion, defendant contends that this is an action which is pre-empted by the National Labor Relations Act [hereinafter N.L.R.A.], 29 U.S.C. 151, *et seq.*

Plaintiff initially brought this action in the District Court of Wyandotte County, Kansas. Defendant removed this action pursuant to 28 U.S.C. 1441, and this court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. 1332. The parties do not contest venue or jurisdiction.

The material uncontroverted facts are not disputed. Plaintiff became employed with defendant on or about September 20, 1978. He was terminated from his employment on or about July 9, 1982. Plaintiff contends his discharge was wrongful in that it was in retaliation for filing a workmen's compensation claim against defendant. At the time plaintiff became employed with defendant, plaintiff voluntarily became a member of the United Paperworkers International Union, AFL/CIO, CLC Local No. 765. Subsequently, plaintiff voluntarily withdrew his membership in the union approximately one year after the date of his original employment with defendant, as he no longer wished to have union dues deducted from his payroll check. From the date of plaintiff's employment until the date of plaintiff's termination, a collective bargaining agreement was in full force and effect, covering all employees of defendant at the Kansas City, Kansas, facility, whether union members or not. That collective bargaining agreement provided a grievance and arbitration procedure for handling the discharge of employees. Following plaintiff's termination, he never filed a grievance pursuant to the collective bargaining agreement, but rather brought this action claiming retaliatory discharge under the state laws of Kansas. The defendant corporation is located in Kansas City, Wyandotte County, Kansas, and is engaged in interstate commerce.

■■■ As a general rule, the N.L.R.A. pre-empts state law in matters touching on labor management relations. Thus, an aggrieved employee must attempt to use the contract grievance procedure agreed upon by the employer and the union as the normal mode of redress. *Viestenz v. Fleming Companies, Inc.,* 681 F.2d 699, 701–02 (10th Cir.1982). Thus, where a person is discharged because of union activities this discharge violates federal public interests and it is also an unfair labor practice in violation of Section 8(a) of the N.L.R.A., 29 U.S.C. 158(a). *Dayton Tire & Rubber Co. v. N.L.R.B.,* 591 F.2d 566 (10th Cir.1979). In such matters, federal labor law pre-empts state law and the N.L.R.A. jurisdiction is exclusive. *Viestenz, supra,* 681 F.2d at 701–02. Kansas state courts have recognized that state law is pre-empted by the N.L.R.A. from regulation of labor-management disputes in most cases. *Anco Construction Co. v. Freeman,* 236 Kan. 626, 628, 693 P.2d 1183, 1185 (1985).

■■■ The pre-emption doctrine is premised on Congress' desire to avoid conflicting rules of substantive law and remedy, and thereby insures a consistent national labor policy. *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 242, 79 S.Ct. 773, 778, 3 L.Ed.2d 775 (1959); *Viestenz, supra,* 681 F.2d at 702. However, the N.L.R.A. does not pre-empt all tort actions touching on the relationship between labor and management. In *Farmer*

---

1. Subsequent to the completion of briefing in accordance with Rule 15, plaintiff, without leave of court, filed an additional responsive brief and defendant filed a motion to strike plaintiff's additional brief or, in the alternative to allow defendant to file an additional brief.

The court has reviewed the additional briefs of both parties. Though they add little to the analysis of these issues, the court will allow such filings. In the future, however, counsel should adhere to the requirements of the Rules of Practice.

v. *United Brotherhood of Carpenters & Joiners*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977), the court held that the N.L.R.A. does not pre-empt a tort action for an intentional infliction of emotional distress under California law. There, the court recognized that the State "has a substantial interest in protecting its citizens from the kind of abuse of which [the plaintiff] complained." *Id.* at 302, 97 S.Ct. at 1064. Even though the allegations stating a cause for outrage would also make out an unfair labor practice under the N.L.R.A., the United States Supreme Court held that the plaintiff's action was not pre-empted. It is the duty of the court to balance the legitimate and substantial interests of the State in protecting its citizens against the potential for interference with a federal scheme of regulation. *Id.* at 304, 97 S.Ct. at 1065.

In the recent case of *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367 (9th Cir.1984), the court allowed a wrongful termination cause of action rather than finding the action preempted. In *Garibaldi*, the plaintiff contended that he was discharged because he reported a shipment of adulterated milk to health officials after a supervisor ordered him to deliver it. The defendant admitted in its answer that the milk was condemned by the health authorities. Sale or delivery of adulterated milk was prohibited by California law. Thus, the plaintiff was allegedly whistle-blowing to protect the health and safety of the citizens of the state of California, which is exactly the type of conduct that the California Supreme Court had earlier determined was protected under the state's public policy. *Id.* at 1374.

The court in *Garibaldi* held the State's interest in providing a cause of action for violation of public policy is the enforcement of a policy and not the regulation of the employment relationship. *Id.* There was no significant threat to the collective bargaining process because the state policy does not alter the economic relationship between the employer and the employee. The court noted that the wrongful discharge remedy here is an action in tort and is distinct from any contractual remedy an employee might have under the collective bargaining contract. Most notably the action for retaliatory discharge furthers the State interests in protecting the general public—an interest which transends the employment relationship. *Id.* at 1375.

Kansas courts recognize a legitimate and substantial interest in protecting employees from termination for filing workmen's compensation claims. *Murphy v. City of Topeka*, 6 Kan.App.2d 488, 630 P.2d 186 (1981). The Workmen's Compensation Act is designed for the protection of employees and promotes the welfare of Kansas employees. It is the exclusive remedy for injured employees, regardless of the nature of the employer's negligence. "To allow an employer to coerce employees in the free exercise of their rights under the act would substantially subvert the purpose of the act." *Id.* 6 Kan.App.2d at 496, 630 P.2d at 192.

Relying on an Oklahoma statutory provision embodying a state policy similar to that set forth by the Kansas Court of Appeals in *Murphy*, the Tenth Circuit Court of Appeals, in *Peabody Galion v. Dollar*, 666 F.2d 1309 (10th Cir.1981), held that an action was not pre-empted by the N.L.R.A. In relevant part, the court stated:

The conduct at issue in this case—discharge of workers because they pursued workers' compensation claims—is not subject to either protection or prohibition by the National Labor Relations Act becasue it has nothing whatsoever to do with union organization or collective bargaining. *See* 29 U.S.C. 157–58. Likewise the underlying activity that provoked the conduct complained of—that is, the filing of workmen's compensation claims under state law—has no tendency to conflict with the National Labor Relations Act or any federal labor law.

*Id.* at 1316.

There are two correctly decided Kansas state court cases which must be distinguished. In *Anco Construction Co., supra*, the employee was discharged for protesting wages. There, the Kansas Supreme Court recognized that there is no

state law exception to the employment-at-will doctrine for protesting wages. On the other hand, the federal law makes it an unfair labor practice to retaliate against someone for protesting wages. Thus, the duties imposed on *Anco* were federal duties and the N.L.R.A. pre-empted state law actions for retaliatory discharge.

In *Collins v. MBPXL Corp.*, 9 Kan. App.2d 363, 679 P.2d 746 (1984), the plaintiff was injured (not in a job related injury) and had to miss work for almost a year. Despite the fact that the collective bargaining agreement specified that an injured employee's seniority would be protected for just six months unless he was granted an extension through mutual agreement, the employer's personnel director allegedly assured him his job would be secure as long as he had to be away from work. Despite this, the plaintiff was terminated before he could return to work. The Kansas Court of Appeals correctly held that the cause of action was pre-empted by federal law. In *Collins* the plaintiff essentially alleged that he was terminated in violation of the collective bargaining agreement. *Id.* at 369, 679 P.2d 746. There was no violation of a substantial state public policy of a nature similar to that in the case at bar and consequently pre-emption was required.

The court's review of the above-cited cases leaves this court with a firm conviction that plaintiff's state law cause of action for retaliatory discharge for filing workmen's compensation claims is not pre-empted by the N.L.R.A.

Also before the court is plaintiff's motion to add additional exhibits, to which no memorandum in opposition has been filed.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for summary judgment is hereby denied. IT IS FURTHER ORDERED that defendant's motion to strike plaintiff's responsive brief is hereby denied, and the clerk is directed to file the additional brief submitted by defendant.

IT IS FURTHER ORDERED that plaintiff's motion to add additional exhibits is hereby granted.