Denise ANDERSON, Plaintiff,

v.

UNITED AUTO WORKERS and General Motors Corporation, Defendants.

Civ. A. No. 89–2271–0.

United States District Court, D. Kansas.

May 21, 1990.

Annette Jackson, Kansas City, Kan., Carl W. Bussey, Kansas City, Mo., for Denise Anderson.

Paul Scott Kelly, Jr., John J. Yates, Gage & Tucker, Kansas City, Mo., Stephen A. Murphy, Gage & Tucker, Overland Park, Kan., for General Motors Corp.

Bruce C. Jackson, Jr., Whipple, Whipple & Jackson, Kansas City, Mo., Thomas E. Osborn, Corson & Osborn, Kansas City, Kan., for United Auto Workers.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes before the court on the motions of the United Auto Workers ("UAW") and the General Motors Corporation ("GM") for reconsideration of the April 30, 1990 memorandum and order entered in this case. On April 17, 1990, this court entered an order granting plaintiff's motion to amend and granting summary judgment for defendants with regard to plaintiff's claims for violation of the Vocational Rehabilitation Act, breach of duty of fair representation, and violation of 42 U.S.C. § 1981. We also dismissed count V of plaintiff's original complaint. The court denied defendants' motion to dismiss count IV because plaintiff's amended complaint cured any defects as to pleading a claim for intentional infliction of emotional distress. For the reasons stated below, we will deny the motions of UAW and GM for reconsideration.

■ Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position or the facts or the law, or the court has mistakenly has decided issues outside of those the parties presented for determination. *Elmore v. City of Kansas City*, No. 88-2605, slip op. at 5, 1989 WL 134282 (D.Kan. Oct. 31, 1989). A motion to reconsider cannot be employed as a vehicle to introduce new evidence that could have

been adduced during the pendency of a summary judgment motion. *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (D.Ill.1982) *aff'd* 735 F.2d 1367 (7th Cir.1984). A district court does not abuse its discretion when it denies a motion to reconsider in the absence of a showing that the movant had exercised due diligence in attempting to produce the evidence offered in support of its motion where all of that evidence was in existence prior to the time of the original summary judgment. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251–52 (7th Cir.1987).

■ Defendant UAW argues that the conduct alleged by Anderson does not rise to the level required for the actionable tort of outrageous conduct. Plaintiff is handicapped by a severe learning disability. Despite her handicap, Anderson was able to perform one job as an assembly line worker. She performed this task for over five years. Plaintiff's treating physician stated that her responsibilities at work should be limited to "simplified job duties that can be concretely defined." Anderson alleges that she was hired under this special medical restriction and that her employer and union subsequently disregarded it when they required her to work at seven different jobs. She claims that defendants' indifference to her needs proximately caused her to suffer from an anxiety disorder accompanied by panic attacks. Having carefully reviewing these facts in a light most favorable to plaintiff, we believe that defendants' alleged conduct may reasonably be regarded as sufficiently "extreme and outrageous" at this stage of the case. The court will give Anderson the benefit of the doubt at this point.

■ UAW and GM argue that count IV of plaintiff's amended complaint is preempted by federal labor law under either §§ 7 or 8 of the National Labor Relations Act (hereinafter "NLRA"), 29 U.S.C. §§ 157–58, or under § 301 of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. § 185, because plaintiff's claim relates to a provision in the

collective bargaining agreement.[1] Anderson asserts that the collective bargaining agreement need not be examined and interpreted for the trier of fact to make a determination of whether defendants intentionally inflicted her with emotional distress.[2]

Not every state law claim relating in some way to a provision in a collective bargaining contract is necessarily preempted by the NLRA or LMRA. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 211, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985); *Mitchell v. Pepsi–Cola Bottlers, Inc.,* 772 F.2d 342, 346 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1266, 89 L.Ed.2d 575 (1986); *Sutton v. Southwest Forest Indus., Inc.,* 628 F.Supp. 1034, 1035 (D.Kan.1985). The court has a duty to balance the legitimate and substantial interests of the state in protecting its citizens against the potential for interference with the federal scheme of regulation. *Farmer v. United Bhd. of Carpenters & Joiners,* 430 U.S. 290, 304, 97 S.Ct. 1056, 1065, 51 L.Ed.2d 338 (1977); *Sutton v. Southwest Forest Indus., Inc.,* 628 F.Supp. at 1036. State interests that are merely of peripheral concern to the scheme of regulation embodied in the LMRA or the NLRA override federal interests. *Local 926, Int'l Union of Operating Eng'rs, AFL–CIO v. Jones,* 460 U.S. 669, 676, 103 S.Ct. 1453, 1458, 75 L.Ed.2d 368 (1983), *on remand* 166 Ga.App. 723, 306 S.E.2d 99 (1983); *Ray v. W.S. Dickey Clay Mfg. Co.,* 584 F.Supp. 1225, 1227 (D.Kan.1984).

In the instant case, Denise Anderson claims that the defendants' extreme and outrageous conduct caused her to suffer from an anxiety disorder accompanied by panic attacks. She adds that the severity of her mental illness, schizophrenia, requires her to take the prescribed medications of Haldol and Artane three times a day. Plaintiff submits that no one in our society including General Motors and the United Auto Workers has the right to intentionally and recklessly inflict a person with severe mental distress through outrageous conduct.

We believe that the State of Kansas unquestionably has an overriding interest in protecting all of its citizens from intentional infliction of emotional distress. The Supreme Court has also recognized the state's paramount interest in protecting its citizens from such tortious conduct:

> The State ... has a substantial interest in protecting its citizens from the kind of abuse which [the petitioner] complained. That interest is no less worthy of recognition because it concerns protection from emotional distress caused by outrageous conduct, rather than protection from physical injury ... Although recognition of the tort of intentional infliction of emotional distress is a comparatively recent development in state law, our decisions permitting the exercise of state jurisdiction in tort actions ... have not rested on the history of the tort at issue, but rather on the nature of the State's interest in protecting the health and well-being of its citizens.

*Farmer v. United Bhd. of Carpenters & Joiners,* 430 U.S. at 302–03, 97 S.Ct. at 1064–65 (citations omitted). Despite the fact that the petitioner's "allegations of tortious conduct might form the basis for unfair labor charges before the [National Labor Relations] Board," the Court concluded that permitting the petitioner to assert his claim premised on state law "does not result in state regulation of federally protected conduct" because there is no fed-

---

1. A scheduling order entered by Judge Rushfelt stated that any motions "raising a question of jurisdiction" in this case were to be filed by October 1, 1989. While a scheduling order may only be modified upon a showing of good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, we realize that an "[o]bjection to the Court's subject matter jurisdiction may be raised at any time in the litigation." *Elliott v. Employers Reinsurance Corp.,* 534 F.Supp. 690, 692 (D.Kan.1982).

2. The Local Agreement between GM's Fairfax II plant and Local 31 of UAW adopts the "Team Concept." Pursuant to the agreement, team members must be "proficient at all operations in the Team and rotate to retain proficiency." Given the recommendation of Anderson's treating physician that she be assigned "simplified job duties," GM claims there are no positions within its non-skilled trades workforce that plaintiff could perform consistent with her doctor's restriction.

eral protection for such outrageous conduct. *Id.* at 302, 97 S.Ct. at 1064.[3]

Anderson's independent state law cause of action does not pose a threat to the collective bargaining process or rights of self-organization. Her tort claim for intentional infliction of emotional distress is not in any way derived from rights provided in the collective bargaining agreement. She does not suggest that defendants violated the agreement. Since no labor dispute is involved, plaintiff's complaint can readily be adjudicated without reference to, and without impinging upon, any underlying or broader employee-employer controversy. The cause of action asserted by Anderson does not interfere with the federal regulation of labor disputes and her claim furthers the state's overriding interest in protecting its citizens. We will therefore deny defendants' motions for reconsideration on preemption grounds.

IT IS THEREFORE ORDERED that defendants' motions for reconsideration are denied.

---

3. We realize that the conduct complained of by plaintiff may not be so outrageous that "no reasonable person in civilized society should be expected to endure it," but the court is not aware of any provision in a federal statute that protects against the kind of conduct here complained of, particularly where the conduct did not occur as part of the expectedly robust conversations which take place in a labor dispute. *See Collins v. Gen. Time Corp.,* 549 F.Supp. 770, 772–73 (N.D.Ala.1982) (federal labor scheme does not preempt tort claims for emotional distress by employees whose employer-employee relationship comes within purview of NLRA or LMRA).