The UNITED STATES of
America, Plaintiff,

v.

MPM CONTRACTORS, INC. and W.A.
Michaelis, Defendants.

Civ. A. No. 89–2371–O.

United States District Court,
D. Kansas.

Oct. 2, 1990.
On Motion For Reconsideration
Dec. 4, 1990.

Janice M. Karlin, U.S. Attorney's Office; Henry F. Rompage, U.S. E.P.A., Kansas City, Kan.; Richard B. Stewart, Beverlee J. Destein, Environment and Natural Resources Div., U.S. Dept. of Justice; and Clarence Featherson, U.S. E.P.A., Washington, D.C., for the U.S.

John S. Seeber, Adams, Jones, Robinson & Malone; Gerald N. Capps, Jr., Richard D. Greene, Morris, Laing, Evans, Brock &

Kennedy, Wichita, Kan.; and Frederick K. Starrett, Lathrop, Norquist & Miller, Overland Park, Kan., for MPM Contractors, Inc., W.A. Michaelis, Michael P. McGill, and Asbestos Removal Contractors, Inc.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

Plaintiff, the United States of America, filed this action on August 22, 1989, pursuant to section 113(b) of the Clean Air Act (hereinafter "the Act"), 42 U.S.C. § 7413(b). Plaintiff alleges that defendant MPM Contractors, Inc., (hereinafter "MPM") violated the National Emissions Standards for Hazardous Air Pollutants (hereinafter "NESHAP") for asbestos, promulgated under sections 112 and 114 of the Act, 42 U.S.C. §§ 7412 and 7414, while removing asbestos. More specifically, the government contends that MPM did not adequately wet friable asbestos or ensure that such materials remained wet during and after renovation and removal operations at three sites.

On May 30, 1990, the court denied the summary judgment motions of plaintiff and defendant MPM because neither party presented evidence as to whether "defendant either did cause or, but for the corrective action ordered by the [Kansas Department of Health and Environment] inspectors, would have caused particulate asbestos material to be emitted to the outside air during removal." *United States v. MPM Contractors, Inc.*, 1990 WL 81062, No. 89–2371–O, slip op. at 6 (D.Kan. May 30, 1990). This matter now comes before the court on the motions of plaintiff and defendant for reconsideration of that memorandum and order. Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position, the facts or the law, or the court has

mistakenly decided issues outside of those the parties presented for determination. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan.1990). Having carefully considered the arguments and authorities presented by the parties, we will grant the plaintiff's motion for reconsideration.

■ In order to show liability under the NESHAP, the United States must make a mere two-fold showing. First, plaintiff must show that the minimal threshold requirements of NESHAP have been met. *United States v. Sealtite Corp.*, 739 F.Supp. 464, 468 (E.D.Ark.1990). The minimal requirements applicable in this action are contained in 40 C.F.R. § 61.145(d).[1] Second, the government must establish that the work practices requirements of the NESHAP have not been satisfied. *Sealtite*, 739 F.Supp. at 468. In the instant case, the parties agree and stipulate that the three MPM projects were of sufficient magnitude to be covered by 40 C.F.R. § 61.145(d). Thus, the minimal threshold requirements of the NESHAP have been met as to these operations. The only remaining question is whether MPM satisfied the work practices requirements of the NESHAP.

■ Under the work practices applicable to the case at bar, MPM was required to adequately wet "friable asbestos materials when they [were] stripped from facility components before the members [were] removed from the facility ..." 40 C.F.R. § 61.147(c).[2] MPM was also responsible for ensuring that friable asbestos materials removed or stripped from the three facilities remained adequately wet until they were collected for disposal. 40 C.F.R. § 61.147(e)(1). Failure to follow these work practices requirements automatically

---

1. Section 61.145(d) provides that the requirements of §§ 61.146 and 61.147 apply to the owner or operator of a demolition or renovation operation that involves at least 80 linear meters (260 linear feet) of friable asbestos materials on pipes or at least 15 square meters (160 square feet) of friable asbestos materials on other facility components which are stripped or removed at a facility being renovated.

2. The asbestos NESHAP defines friable asbestos as follows: "*Friable asbestos* material means any material containing more than 1 percent asbestos by weight that hand pressure can crumble, pulverize, or reduce to powder when dry." 40 C.F.R. § 61.141. In common usage, "friable" is defined as "easily crumbled or pulverized." *The American College Dictionary* 487 (1983).

results in liability. *United States v. Sealtite Corp.*, 739 F.Supp. at 468–69.

The term "adequately wetted" means "sufficiently mixed or coated with water or an aqueous solution to prevent dust emissions." 40 C.F.R. § 61.140. Defendant argues that asbestos must be considered "adequately wetted" unless the government can establish that there were "dust emissions." A similar argument was presented in *United States v. Ben's Truck & Equip.*, 1986 WL 15402, No. 84–1672, slip op. at 2 (E.D.Cal. May 12, 1986). The district court held that the government need not establish that emissions of asbestos occurred in order to prove a violation. *Id.*

Defendant has not identified and we are not aware of any other court which has held dust emissions a prerequisite to finding that friable asbestos materials were inadequately wetted. In cases involving alleged violations of the NESHAP for asbestos, courts have routinely relied on the observations of inspectors to determine whether asbestos was adequately wetted. *See, e.g., United States v. Sealtite Corp.*, 739 F.Supp. 464, 467 (E.D.Ark.1990); *United States v. Tzavah Urban Renewal Corp.*, 696 F.Supp. 1013, 1022 (D.N.J.1988); *United States v. Ben's Truck & Equip.*, 1986 WL 15402, No. 84–1672 (E.D.Cal. May 12, 1986). The *Sealtite* court, for example, did not require the government to prove that there were emissions, but only that the asbestos was not adequately wet. State inspectors' observations that asbestos containing waste materials had not been adequately wetted was enough to hold defendant liable as a matter of law. *United States v. Sealtite*, 739 F.Supp. at 469.

In the case at bar, dry asbestos was discovered at three of defendant's renovation projects. Inspectors Russell Brichacek and David Branscum observed dry asbestos materials on pipe surfaces and the floor in Chandler Hall of Pittsburg State University (hereinafter "Chandler") on June 27, 1988. On August 3, 1988, Inspector Brichacek found dry friable asbestos on the bleachers in the gymnasium of Quivera Heights Junior High School (hereinafter "Quivera"). Inspector Branscum saw dry asbestos debris on the sixth floor of the Wolcott Building (hereinafter "Wolcott") in Hutchinson, Kansas, on September 21, 1988. Samples taken from all three sites contained well over the required one percent asbestos. Applying these facts to the applicable law, the court finds that defendant violated the provisions of the NESHAP for asbestos at its removal operations in Wolcott, Quivera, and Chandler. The government's motion for reconsideration will be granted.

IT IS THEREFORE ORDERED that the motion of plaintiff for reconsideration (Doc. No. 56) is granted and plaintiff's cross-motion for summary judgment (Doc. No. 35) is granted. Having established the liability of the defendant, the court will schedule a hearing on the penalties and injunctive relief to be imposed. Counsel should contact the Courtroom Deputy for a hearing date.

## ON MOTION FOR RECONSIDERATION

This matter comes before the court on the motion of defendant MPM Contractors, Inc. (hereinafter "MPM"), for reconsideration of an order entered by the court on October 2, 1990, reconsidering and granting plaintiff's cross-motion for summary judgment against MPM. In the alternative, defendant seeks an order under 28 U.S.C. § 1292(b) and Rule 5(a) of the Federal Rules of Appellate Procedure to permit an immediate appeal from the court's memorandum and order of October 2, 1990. Plaintiff, the United States, opposes defendant's motions and requests that each be denied. For the reasons stated below, we will deny MPM's motion for reconsideration, and its alternative request for an interlocutory appeal.

The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *See Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988). It is well established that a motion for reconsideration is the opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or

when there has been a change in the law. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position or the facts of the law, or the court has mistakenly decided issues outside of those the parties presented for determination. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan.1990); *Refrigeration Sales Co. v. Mitchell–Jackson, Inc.*, 605 F.Supp. 6, 7 (N.D.Ill.1983). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. *Paramount Pictures Corp. v. Video Broadcasting Sys., Inc.*, No. 89–1412–C, slip op. at 2, 1989 WL 159369 (D.Kan., *unpublished*, Dec. 15, 1989).

Defendant MPM is simply seeking another chance to assert a stronger case. Defendant again insists that dust emissions are necessary to find a party liable under the National Emissions Standards for Hazardous Air Pollutants (hereinafter "NESHAP") for failing to adequately wet friable asbestos. In ruling on the previous motion for reconsideration, the court stated:

> Defendant has not identified and we are not aware of any other court which has held dust emissions a prerequisite to finding that friable asbestos materials were inadequately wetted. In cases involving alleged violations of the NESHAP for asbestos, courts have routinely relied on the observations of inspectors to determine whether asbestos was adequately wetted. *See, e.g., United States v. Sealtite Corp.*, 739 F.Supp. 464, 467 (E.D.Ark.1990); *United States v. Tzavah Urban Renewal Corp.*, 696 F.Supp. 1013, 1022 (D.N.J.1988); *United States v. Ben's Truck & Equip.*, 1986 WL 15402, No. 84–1672 (E.D.Cal. May 12, 1986). The *Sealtite* court, for example, did not require the government to prove that there were emissions, but only that the asbestos was not adequately wet. State inspectors' observations that asbestos containing waste materials had not been adequately wetted was enough to hold

defendant liable as a matter of law. *United States v. Sealtite*, 739 F.Supp. at 469.

*United States v. MPM Contractors, Inc.*, No. 89–2371–O, slip op. at 4, 1990 WL 302176 (D.Kan. Oct. 2, 1990). Each of the cases cited in the memorandum and order entered by the court on October 2 interpret the same sections of the NESHAP and all are in agreement. MPM's motion for reconsideration will be denied.

In the alternative, defendant requests that the court permit MPM an immediate appeal of the October 2 ruling to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b) because said order involves "a controlling question of law as to which there is substantial grounds for difference of opinion." We believe that an appeal at this stage of the proceedings would only serve to delay this case. All courts are in accord as to the proper interpretation of the asbestos NESHAP. No ground exists for disagreement. Only defendant has a difference of opinion.

IT IS THEREFORE ORDERED that the motion of defendant for reconsideration (Doc. No. 73) is hereby denied. Having again established the liability of the defendant, the court will schedule a hearing on the penalties and injunctive relief to be imposed. Counsel are directed to contact the Courtroom Deputy for a hearing date.

IT IS FURTHER ORDERED that defendant's motion in the alternative for an immediate appeal to the Tenth Circuit Court of Appeals (Doc. No. 73) is denied.