The **WOODMONT CORPORATION,**
Plaintiff,

v.

**ROCKWOOD CENTER PARTNERSHIP,**
et al., Defendants.

**Civ. A. No. 91–1465–MLB.**

United States District Court,
D. Kansas.

July 8, 1994.

Gary L. Ayers, Foulston & Siefkin, Wichita, KS, for plaintiff.

David M. Rapp, Hinkle, Eberhart. & Elkouri, Wichita, KS, for defendants.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on defendants' motion for reconsideration. (Doc. 123)

### Standards for Motion for Reconsideration

The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990). "[R]evisiting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed' is likewise inappropriate." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

### Discussion

Defendants raise three points in their motion. First, they contend Woodmont was "doing business in this state" within the meaning of K.S.A. 17–7307(a). Second, they contend the court failed to address their argument that Woodmont's tortious breach of fiduciary duty claim should be dismissed. Third, they submit that Woodmont's claim for damages is barred by their failure to procure a real estate brokers' license, as required by K.S.A. 58–3036(c).

### "Doing Business in this State"

Defendants seize upon the court's statement that a foreign corporation's activities must be permanent, continuous, and regular to come within the statute and argue certain deposition testimony established that Woodmont had a permanent and continuing presence in Wichita, Kansas. Defendants misconstrue the court's holding. In the court's previous opinion, it noted the phrase

"doing business in this state" requires the establishment of an office or place of business within this state, or delivery of wares or products to resident agents in this state for sale, delivery or distribution. *Panhandle Agri–Service, Inc. v. Becker,* 231 Kan. 291, 294, 644 P.2d 413 (1982). (Doc. 122, p. 5) In attempting to ascertain whether Woodmont had established an office or place of business in Kansas, the court first looked, as it must in a diversity case, *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), for guidance from the Kansas Supreme Court. The court found the Supreme Court's pronouncements on this issue were sparse. The court then noted that other courts had interpreted similar statutes in a manner to avoid potential constitutional infirmities. The court found this approach was sound and viewed K.S.A. 17-7307(a) in a similar vein. Accordingly, the court considered whether Woodmont had established an office or place of business at Eastgate Plaza in Wichita, Kansas.

The uncontroverted facts do not show that Woodmont had established an office or place of business in Kansas. The additional deposition testimony presented by defendants only tangentially addresses this issue and merely tends to indicate that Woodmont had previously done business in Wichita. Defendants make no effort to identify in what capacity the various persons acted and continue to lump together other Woodmont entities and attribute their activities to Woodmont.[1]

The court adheres to its prior ruling and finds defendants' evidence is insufficient to establish, as a matter of law, that Woodmont was doing business in Kansas as contemplated by K.S.A. 17-7303.

### Tortious Breach of Fiduciary Duty Claim

■ Defendants argue Woodmont's tortious breach of fiduciary duty claim, with its attendant punitive damages claim, should be dismissed under the same rationale applied to Woodmont's misrepresentation claim. In an apparent oversight, the court did not address these issues in its previous opinion.

The Kansas Supreme Court summarized the law of fiduciary relationships in *Denison*

*State Bank v. Madeira,* 230 Kan. 684, 640 P.2d 1235 (1982):

> It may be said that generally there are two types of fiduciary relationships: (1) those specifically created by contract such as principal and agent, attorney and client, and trustee cestui que trust, for example, and those created by formal proceedings such as guardian and/or conservator and ward, and executor and administrator of an estate, among others, and (2) those implied in law due to the factual situation surrounding the involved transactions and the relationship of the parties to each other and to the questioned transactions.

*Id.* at 691, 640 P.2d 1235.

The fiduciary relationship in this case arises out of the development contract. In its previous opinion, the court held that where the parties' contract specifically defines their respective rights and duties, extra contractual tort duties regarding the same subject matter were precluded. Under this reasoning, Woodmont's tortious breach of fiduciary duty claim is barred.

■ This holding dooms Woodmont's claim for punitive damages. Under Kansas law, punitive damages may not be recovered in the absence of an independent tort. *Guarantee Abstract & Title Co. v. Interstate Fire & Cas. Co.,* 232 Kan. 76, 79, 652 P.2d 665 (1982).

### Real Estate Brokering

■ Defendants argue the court misconstrued *Thomas v. Jarvis,* 213 Kan. 671, 518 P.2d 532 (1974), when it concluded Woodmont's leasing activity was severable from and did not bar its recovery under the development contract. Defendants argue the Kansas Supreme Court did indeed consider the issue of severance on appeal and would bar recovery under the facts of this case.

The court is not persuaded by defendants' argument. The critical difference between *Thomas v. Jarvis* and this case is that Woodmont raised the severance issue, while the plaintiffs in *Thomas v. Jarvis* did not. The Kansas Supreme Court did not hold in *Jarvis* that severance was unavailable under the Real Estate Brokers' License Act, but that

---

1. Woodmont Realty Associates and Woodmont Property Management Company.

plaintiffs could not recover because they failed to raise the severance issue in a timely manner. It reasoned as follows:

The theory of severance is a new issue raised on this appeal and was not asserted in the trial court. In their pleadings and at the trial of the case the plaintiffs consistently maintained that their claim was based upon a specific written contract which gave them a commission based upon all assets sold. There was only one commission to be paid covering the sale of all the assets of the Jarvis Companies. Under these circumstances we hold that the contract was an entire contract as to all the assets and not a severable one.

*Id.* at 676–77, 518 P.2d 532.

*Thomas v. Jarvis* does not bar Woodmont's recovery. Woodmont is entitled to recover on the contract for those activities that do not require a real estate brokers' license.

IT IS THEREFORE ORDERED that defendants' motion for reconsideration (Doc. 123) is granted to the extent that Woodmont's tortious breach of fiduciary duty claim and punitive damages claim is dismissed, and denied in all other respects.