James B. TANK, surviving son and heir-at-law of Kathleen Tank, deceased, Plaintiff,

v.

Bert CHRONISTER, M.D., et al., Defendants.

No. CIV.A. 95–1540–FGT.

United States District Court, D. Kansas.

May 6, 1997.

Lynn R. Johnson, Anthony L. DeWitt, Shamberg, Johnson & Bergman, Overland Park, KS, for James B. Tank.

David E. Bruns, Curtis J. Waugh, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, Phillip P. Ashley, Williamson & Cubbison, Kansas City, KS, for Bert Chronister, MD.

David E. Bruns, Wayne T. Stratton, Curtis J. Waugh, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Board of Trustees of Wilson County Hosp.

### MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on plaintiff's motion for reconsideration of the court's earlier order dismissing plaintiff's claim for lack of subject matter jurisdiction. (Doc. 66). Plaintiff is a citizen of Wisconsin who brings a wrongful death action against a Kansas citizen. The decedent was also a citizen of Kansas. By its earlier Memorandum and Order, this court held that for purposes of diversity jurisdiction, a person bringing a

wrongful death action under Kansas law is deemed a citizen of the same state as the decedent. *Tank v. Chronister*, 951 F.Supp. 182 (D.Kan.1997). Plaintiff contends that the court's ruling was incorrect. Because the court believes this is an important and close issue of law, the court held oral argument on the motion on March 18, 1997.

■ A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan.1990); *Taliaferro v. City of Kansas City*, 128 F.R.D. 675, 677 (D.Kan.1989). In this case, the court is now convinced that its earlier view of the law governing this case was in error.

Under Kansas law, a wrongful death action is brought by any heir at law for the benefit of all the heirs at law of the decedent. K.S.A. § 60–1902. The question before the court is the application of 28 U.S.C. § 1332(c)(2) to a case of this type. Section 1332(c)(2) provides, in relevant part, that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent" for purposes of diversity jurisdiction.

■ In support of his motion for reconsideration, plaintiff argues both that the "heirs at law" are not the estate, as used in § 1332(c)(2), and that the term "legal representative" means one who has been appointed by a court. The court continues to agree with the court's reasoning in *Green v. Lake of the Woods County*, 815 F.Supp. 305 (D.Minn.1993), and, accordingly, rejects plaintiff's first argument.

■ However, the court finds plaintiff's second argument more persuasive. The court is now convinced that the term "legal representative," as used in § 1332(c)(2), means one who is appointed by a court to bring an action in a representative capacity. Congress, in enacting § 1332(c)(2), essentially adopted a rule proposed by the American

Law Institute ("ALI") in 1969. The proposed rule stated:

> An executor, administrator, or any person representing the estate of a decedent or appointed pursuant to statute with authority to bring an action for wrongful death is deemed to be a citizen only of the same state as the decedent.

The ALI provided the following relevant commentary:

> The phrasing "any person representing the estate of a decedent or appointed pursuant to statute with authority to bring an action because of the death of a decedent" is couched so as to include any person, regardless of the form of statutory designation, who is appointed with authority to bring an action for wrongful death. It does not include a person given by statute a right to bring an action in his own name because of a decedent's death by reason of his relationship to the decedent (e.g., a widow or child of the decedent); such a person retains such right of access to a federal court as his own citizenship gives him. The imposition upon diversity jurisdiction has been the appointment of out-of-staters to create diversity, and there seems no sufficient reason to cover a person whose right to sue is because of his relationship rather than by appointment.

There is no informative legislative history on this point, but it is undisputed that in enacting § 1332(c)(2), Congress was concerned mainly with the appointment of out-of-state representatives for the sole purpose of manufacturing diversity jurisdiction. Although the breadth of federal court jurisdiction is a matter of federal law, the states have the right to determine the laws of property and inheritance. The court does not believe Congress intended to include as a "legal representative" one who, although acting in a representative capacity, obtains his authority to bring suit through state statute and through his own interest in the action.[1]

■ Because under the Kansas wrongful death statute, the plaintiff derives his right to bring the wrongful death action from his

---

1. The court notes that the statute at issue in Green called for the appointment of a trustee to bring a wrongful death action on behalf of the next of kin. *Green*, 815 F.Supp. at 306 (applying Minn.Stat. § 573.02).

**1162**

relationship to the decedent rather than from court appointment, and because the plaintiff and defendants are of diverse citizenship, the court concludes that this case is not covered by § 1332(c)(2) and, accordingly, should not be dismissed for lack of diversity jurisdiction based on the citizenship of the decedent. Thus, the Kansas district judges achieve consistency as to result on interpreting the reach § 1332(c)(2).[2]

The court believes this is an appropriate case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . .

The court believed initially, and continues to believe, that this case raises an important and close question of law. Both sides have presented compelling arguments, and the court has had difficulty reaching a decision. Furthermore, because the question goes to the court's subject matter jurisdiction, an immediate appeal may materially advance the termination of this case. Accordingly, the court certifies this case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[3]

**IT IS BY THIS COURT THEREFORE ORDERED** that plaintiff's motion for reconsideration (Doc. 66) is hereby granted.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (Doc. 30) is hereby denied.

**IT IS FURTHER ORDERED** that this case is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

---

2. While the motion to reconsider was pending before this court, Judge Vratil held in *Marler v. Hiebert*, 960 F.Supp. 253 (D.Kan.1997), that § 1332(c)(2) does not apply to the Kansas wrongful death statute, although based on slightly different reasoning than this court has applied herein.

3. Ultimately, the best solution to the problems raised in this case may be a legislative one. According to exhibits filed with defendant's Supplemental Memorandum in Opposition to Plaintiff's Motion to Reconsider, there is some variety among the fifty states regarding who brings wrongful death actions. Kansas is one of only a handful of states in which a wrongful death action is brought by an heir or heirs rather than someone appointed by a court. Congress could certainly provide that in any wrongful death action, the plaintiff is deemed to be a resident only of the same state as the decedent.