**BUSHNELL CORPORATION, Plaintiff,**

v.

**ITT CORPORATION, Defendant.**

**No. 96–2511 JWL.**

United States District Court,
D. Kansas.

Sept. 17, 1997.

Donald L. Kahl, Heather E. Pollock, Susan L. Gates, Hall, Estill, Hardwick, Gable, Golden & Nelson, Tulsa, OK, John J. Miller, Law Offices of John J. Miller, Overland Park, KS, for Bushnell Corporation.

William R. Sampson, Bill J. Hays, Shook, Hardy & Bacon, L.L.P., Overland Park, KS, for ITT Corporation.

### *MEMORANDUM AND ORDER*

LUNGSTRUM, District Judge.

In this case, plaintiff asserted numerous causes of action. By Memorandum and Order dated July 18, 1997, the court granted judgment on the pleadings in favor of defendant on plaintiff's antitrust claims on the grounds that the conduct alleged by plaintiff was not anticompetitive and did not give rise to antitrust injury. *Bushnell v. ITT Corp.*, 973 F.Supp. 1276 (D.Kan.1997). Plaintiff now moves for reconsideration of the court's order with respect to the antitrust claims pursuant to D. Kan. Rule 7.3 (Doc. 115). For the reasons set forth below, the court denies the motion.

■ Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Markets, Inc.*, 869 F.Supp. 895, 897 (D.Kan.1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan.1990) (motion to reconsider appropriate when the court has obviously misapprehended a party's position, the facts, or the applicable law, or when a party introduces new evidence that could not have been obtained through the exercise of due diligence)

■ Plaintiff seeks reconsideration based on new evidence obtained in discovery. Specifically, plaintiff provides evidence that defendant sold one night vision product, the NightQuest model 150, at a price lower than its total cost to manufacture the product. Plaintiff argues that such evidence supports a predatory pricing antitrust claim, and it

seeks leave to amend its complaint to assert such a claim.

Such evidence does not warrant the court's reconsideration of its prior order, however. The court granted defendant judgment under rule 12(c) on plaintiff's antitrust claims because the conduct alleged by plaintiff in its complaint did not give rise to antitrust liability as a matter of law. The court did not consider any evidence in support of plaintiff's claims in reaching its decision; it relied solely on the complaint to determine that no cause of action had been stated. Accordingly, the discovery of any specific evidence would not alter the court's conclusion based on the allegations of the complaint, and the court will not reconsider the prior order granting judgment on the antitrust claims originally alleged by plaintiff.

In its previous order, the court did permit plaintiff to amend its complaint to cure "procedural" pleading deficiencies with respect to its defamation and tortious interference with business relations claims. The court emphasized, however, that the deficiencies with respect to plaintiff's antitrust claims were substantive, and on that basis the court granted judgment without leave to amend.

The predatory pricing claim that plaintiff seeks to allege would be an entirely new claim. Thus, because plaintiff has expressly requested leave to amend its complaint to add this claim, the court will address the issue as it would a motion for leave to amend under Fed.R.Civ.P. 15(a), rather than in the context of a motion to reconsider.

■ Rule 15(a) provides that if, as here, an answer has been filed, the complaint may be amended only upon leave of the court or with consent of the other party. *Id.* The rule also states that such leave "shall be freely given when justice so requires." *Id.* Whether to grant leave to amend the complaint is a matter within the district court's discretion. *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1584 (10th Cir. 1993). A court's refusal to grant leave to amend may be justified by a showing of

undue delay, bad faith, undue prejudice to the other party, or futility of amendment. *Id.* at 1585. Although the court does not believe that plaintiff is acting in bad faith in pursuing the proposed amendment to the complaint, it concludes that the other three bases set forth in *Castleglen* justify the court's denial of plaintiff's request to amend here.

■ First, plaintiff's delay in raising this claim is not acceptable. "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990). Plaintiff's request for leave to amend is based on its "new" evidence suggesting that defendant sold a particular product below cost. Plaintiff had been told by defendant in 1995, however, that defendant was selling a nearly identical product below cost. Plaintiff argues that such knowledge, by itself, could not have supported a predatory pricing claim to the extent necessary to overcome the barriers imposed by Fed.R.Civ.P. 11. Although plaintiff may now point to some hard data contained in certain cost and sales documents, its basic knowledge does not go very far beyond what it had been told two years ago—that defendant was selling a product at a loss.[1] Before instituting this suit, plaintiff at least had sufficient knowledge to warrant further investigation into the possibility of a predatory pricing claim. Plaintiff has not persuaded the court that, acting with reasonable diligence, it could not have brought the proposed claim until now.

Second, the court concludes that permitting plaintiff to add a predatory pricing claim at this juncture would unduly prejudice defendant. Plaintiff points the court to its prior order, in which the court concluded that defendant would not suffer undue prejudice from plaintiff's amending its complaint in light of "defendant's apparently intentional delay in filing its motion [for judgment on

---

1. The court further notes that a claim based on plaintiff's 1995 knowledge would not have been much more of a reach for rule 11 purposes than

the antitrust claims plaintiff did assert in its original complaint.

the pleadings] until the expiration of the amendment period as set forth in the scheduling order." There, however, the court permitted plaintiff to amend to cure "procedural" deficiencies in the pleading; the court noted that defendant could have availed itself of any number of procedural devices to clarify any confusion regarding the details of plaintiff's claims. Here plaintiff seeks to inject an entirely new claim into the case, and not merely to provide more details to cure a deficiently-pled existing claim. Thus, the prejudice to defendant would be much greater in this case. Moreover, the court concludes that defendant did not act improperly in its discovery of the cost information and so did not somehow waive a claim of prejudice.

Third, plaintiff has not shown that the proposed amendment would not be futile. The court's task in this respect is made more difficult by the absence of a proposed amended complaint or a statement of the proposed claim. Nonetheless, the assertions made by plaintiff in connection with its antitrust arguments do not appear to support a viable claim for predatory pricing.

■ Most significantly, the new allegations put forth by plaintiff still fall short of establishing the required antitrust injury. As it did in the original complaint, plaintiff generally complains about its own inability to compete in the market as a result of defendant's actions. Plaintiff asserts that defendant tried to drive it out of the market. Plaintiff has not proffered any supported allegations that defendant's conduct affected the market generally. As the court noted in its prior order, the Supreme Court has emphasized that the antitrust laws "were enacted for 'the protection of *competition*, not *competitors*.'" *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.*, 429 U.S. 477, 488, 97 S.Ct. 690, 697, 50 L.Ed.2d 701 (1977) (quoting *Brown Shoe Co. v. United States*, 370 U.S. 294, 320, 82 S.Ct. 1502, 1521, 8 L.Ed.2d 510 (1962)).

■ This absence of substantive allegations concerning defendant's relationship to the entire market dooms plaintiff's claim on other bases as well. For instance, to prove predatory pricing plaintiff would also be required to demonstrate a dangerous probabili-

ty of defendant's recouping its investment in below-cost prices by later raising prices above a competitive level. *Brooke Group v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 224, 113 S.Ct. 2578, 2588–89, 125 L.Ed.2d 168 (1995). The Supreme Court has stated as follows with respect to this issue:

> Recoupment is the ultimate object of an unlawful predatory pricing scheme; it is the means by which a predator profits from predation. Without it, predatory pricing produces lower aggregate prices in the market, and consumer welfare is enhanced. Although unsuccessful predatory pricing may encourage some inefficient substitution toward the product being sold at less than its cost, *unsuccessful predation is in general a boon to consumers.*
>
> That below-cost pricing may impose painful losses on its target is of no moment to the antitrust laws if competition is not injured: It is axiomatic that the antitrust laws were passed for the protection of *competition*, not *competitors*.

*Id.* Even if the intended target is driven out of business, the plaintiff must show a likelihood of injury to *competition* in the relevant market resulting from a rise in prices above a competitive level to compensate for the amounts expended on the predation. *Id.* at 225, 113 S.Ct. at 2589. In *Brooke Group*, the Court noted that predatory pricing schemes are rarely successful and that the costs of an erroneous finding on this issue is high because lowering prices is generally the very essence of competition. *Id.* at 226, 113 S.Ct. at 2589–90. "Evidence of below-cost pricing is not alone sufficient to permit an inference of probable recoupment and injury to competition." *Id.*

Plaintiff has pointed to little other than prices to show recoupment. Plaintiff notes evidence of defendant's 30 percent market share, but it does not allege an effect on competition in the market generally from defendant's pricing of one product sufficient to permit an inference of recoupment here. Plaintiff's focus on its being driven from the market belies the viability of its claim with respect to this issue.

It is further significant that plaintiff alleges below-cost pricing only with respect to one item in defendant's complete line of night-vision products. The Eighth Circuit, relying on a number of cases from other federal circuit courts, has stated:

> Courts have been wary of plaintiffs' attempts to prove predatory pricing through evidence of a low price charged for a single product out of many, or to a single customer. Although these cases differ somewhat in their analytical approaches, all focus on the basic question of whether the alleged predatory act poses a genuine threat to the *overall* competition.

*Morgan v. Ponder*, 892 F.2d 1355, 1362 (8th Cir.1989) (citations omitted). The court believes that the Tenth Circuit would likewise focus on the effect on competition within the entire market and conclude that a certain pricing practice with respect to a single product does not violate the antitrust laws. Here, plaintiff has not indicated that it could allege facts to support a finding of a threat to competition generally within the night vision market.

Finally, although plaintiff provides some evidence that defendant sold a product below its total cost, it has not indicated that it could allege that the price was also below defendant's marginal or average variable cost for the product. The Supreme Court has stated that "a plaintiff seeking to establish competitive injury resulting from a rival's low prices must prove that the prices complained of are below an appropriate measure of its rival's costs." *Brooke Group*, 509 U.S. at 222, 113 S.Ct. at 2587. Neither the Supreme Court nor the Tenth Circuit has established a definitive cost measure. *Id.* at 222 n. 1, 113 S.Ct. at 2588 n. 1; *Multistate Legal Studies, Inc. v. Harcourt Brace Jovanovich Legal & Prof.*

*Publications, Inc.*, 63 F.3d 1540, 1549 n. 5 (10th Cir.1995).

It is clear, however, that the Tenth Circuit leans heavily in favor of using marginal or average variable cost in evaluating predatory pricing claims. In *Pacific Engineering & Production Co. of Nevada v. Kerr–McGee Corp.*, 551 F.2d 790 (10th Cir.1977), the court stated that marginal or average variable cost, as opposed to total cost, is the best indicator regarding predatory pricing. *Id.* at 797. In *Instructional Systems Development Corp. v. Aetna Casualty & Surety Co.*, 817 F.2d 639 (10th Cir.1987), the court indicated that sales above the marginal or average variable cost may support a finding of predatory pricing only if other factors are present indicating unreasonable anti-competitive behavior. *Id.* at 648. Again, plaintiff has not sufficiently tied defendant's conduct to an effect on the entire market and on competition generally; accordingly, plaintiff has not shown that it could allege such other factors as would satisfy the higher standard that would apply for a price not below marginal or average variable cost.

Therefore, the court, in its discretion, denies plaintiff the opportunity to amend its complaint to assert a new antitrust claim based on predatory pricing.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for reconsideration of the court's July 18, 1997, Memorandum and Order or to amend its complaint (Doc. 115) is denied.

**IT IS SO ORDERED.**