# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2013

No. 12-60392
Summary Calendar

Lyle W. Cayce
Clerk

JOSEPH KIRIBA KARICHU, also known as Joseph Kariba Karichu, also known as Joseph Karichu Kariba, also known as Karichu Joseph Kariba, also known as Joseph K. Karichu,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 085 301

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Joseph Kiriba Karichu, a native and citizen of Kenya, has petitioned for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen. The BIA denied the motion as without merit and on the alternative basis that the motion did not meet the statutory requirements set forth in 8 C.F.R. § 1003.2(c)(1). Karichu has failed to brief, and has thus abandoned, the issue of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether the BIA erred in denying his motion to reopen on the ground that it did not meet the statutory requirements for motions to reopen. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Because the BIA's denial of the motion to reopen on the ground that it did not meet the statutory requirements set forth in § 1003.2(c)(1) presents an independent, unchallenged basis for affirming the BIA's decision, we deny Karichu's petition for review on that basis without addressing Karichu's remaining arguments. *See Walker v. Thompson*, 214 F.3d 615, 624-25 (5th Cir. 2000), *abrogated on other grounds, Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006).[1]

---

[1] Karichu did address this issue in his reply brief. We do not ordinarily consider arguments raised for the first time in a reply brief, though we have discretion to do so. *United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010). We find no occasion to exercise our discretion to consider them here because the arguments in his reply brief are unavailing. *See Waggoner v. Gonzales*, 488 F.3d 632, 639 (5th Cir. 2007)(addressing procedural requirements for a motion to reopen and holding that because Waggoner did not submit an application with her motion to reopen, the "BIA did not abuse its discretion in denying Waggoner" the relief she sought).