## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 18-40653

———

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2020

Lyle W. Cayce
Clerk

AMALIA GISELA PENA,

      Plaintiff - Appellant

v.

LONE STAR NATIONAL BANK, N.A.; LONE STAR NATIONAL BANC-SHARES, INCORPORATED; OLGA CALTZONTZINT; LUPITA GARCES; MELINDA MARTINEZ; DAVID M. PENOLI; ROBERTO RAFFO; JULIO ROMAN; KAREN VALDEZ; ANGIE VERA OLIVA,

      Defendants - Appellees

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CV-399

———

Before KING, COSTA, and HO, Circuit Judges.

PER CURIAM:*

      Amalia Gisela Pena, a pro se litigant, appeals two district court orders. First, because Pena missed a filing deadline by five days, the district court imposed monetary sanctions. Second, the district court granted Lone Star

———

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40653

National Bank's motion to dismiss because Pena did not file a timely response.[1] We vacate the district court's award of monetary sanctions and affirm in all other respects.

## I

On October 11, 2017, Pena filed a pro se complaint asserting retaliation and Americans with Disability Act claims against her former employer, Lone Star National Bank, and several of its employees. Two months later, Lone Star filed a motion to dismiss Pena's complaint. The district court made a minute entry, dated December 19, 2017, informing Pena that, under local rules, she needed to file a response by December 27, 2017. Additionally, the district court advised Pena that, if she moved for and received leave to amend her complaint, then Lone Star's motion to dismiss would be moot.

Pena filed an unopposed motion for leave to file an amended complaint on December 27, 2017. The district court granted that motion on January 9, 2018. Neither Pena's motion nor the district court's order specified when Pena's amended complaint was to be filed, but the district court's previously filed scheduling order stated that "[p]leading amendments, with leave of Court if required by the Federal Rules of Civil Procedure, shall be made by" June 8, 2018. In accordance with the district court's advice regarding mootness, Pena did not file a response to Lone Star's motion to dismiss.

On February 7, 2018, Lone Star filed a motion to compel arbitration. Pena asked, in an opposed motion, for additional time to respond, and the district court gave her until March 27, 2018. Shortly before that deadline, Pena

---

[1] Pena takes issue with two additional orders entered by the district court. The first order struck a discovery motion filed by Pena, and we do not need to analyze whether that order was proper, because we affirm the district court's dismissal of the entire case. The second order denied a motion to strike Pena's complaint, and we likewise do not need to analyze whether that order was proper, because Pena does not argue that the district court's decision was incorrect.

"fell ill with gastrointestinal issues" and asked for a further, one-week extension. Based on Lone Star's opposition to her initial request for an extension, Pena assumed that conferring with Lone Star regarding her request for a further extension of time would be futile, so she did not do so. The day after Pena filed her request for a further extension of time, the district court struck Pena's request because she "did not include a statement of opposition or non-opposition, a statement of conference between counsel, or attach a separate proposed order to her Motion."

The next week, on April 4, 2018, the district court entered an order requiring Pena to file her amended complaint, a response to Lone Star's motion to dismiss, and a response to Lone Star's motion to compel arbitration by April 11. The district court considered that deadline "one last opportunity to respond to all of the pending motions filed by the Defendants and file the Amended Complaint which Plaintiff asked to file months ago." According to the district court, that Pena had not already filed these documents constituted "a clear record of delay," and the district court stated that it was "having difficulty conceiving of lesser sanctions than dismissal which would serve the best interests of justice and not permit the Plaintiff's conduct to go unchecked."

Technically, Pena did not meet the district court's April 11 filing deadline. While Pena sent electronic copies of the required documents to defense counsel on April 11, she did not send an electronic copy to district court personnel until April 13, and she did not "file" hardcopies with the clerk's office until April 16.[2] Pena attributed this delay to "laptop and computer problems" such that "she needed the weekend to drive to a copy shop and have the

---

[2] Pro se litigants in the Southern District of Texas cannot file documents electronically without special permission and, instead, need to mail or deliver documents to the clerk's office. For reasons the record does not explain, Pena's amended complaint was not electronically entered on the district court's docket until May 18, 2018.

documents printed in order to file the papers with the Clerk of Court on Monday, April 16, 2018." Because of that five-day delay, the district court sanctioned Pena $800.00 and warned Pena that "any further dilatory conduct on her part may result in the dismissal of her claims with prejudice or other severe sanctions." Pena paid that sanction promptly.

Pena filed a motion to compel the production of certain documents on May 14, 2018. Four days later, rather than file a traditional response, Lone Star moved to strike Pena's motion to compel. In doing so, Lone Star addressed the merits of Pena's motion. One week after Lone Star filed its motion to strike, Pena filed a document addressing Lone Star's motion-to-strike arguments, which she styled a reply to Lone Star's response to her motion to compel. Notwithstanding Pena's reply, the district court issued a one-page order granting Lone Star's motion to strike "due to Plaintiff's failure to respond" in a timely fashion.[3]

On June 8, 2018, Lone Star filed a motion to dismiss Pena's amended complaint for failure to state a claim. Before Pena's response was due, she asked the district court for additional time in which to respond.[4] The district court neither granted nor denied that request. Instead, it issued another one-page order granting Lone Star's motion because of Pena's failure to file a timely response. Accordingly, the district court dismissed Pena's complaint. Pena filed a timely notice of appeal.

---

[3] Southern District of Texas Local Rule 7.4 states that "[f]ailure to respond to a motion will be taken as a representation of no opposition."

[4] Pena made this request via an email, copying defense counsel, to the district court's case manager along with an attached letter requesting an extension. The district court's procedures direct litigants to raise "minor procedural matters" by letter. Those procedures do not, however, state whether a request for an extension of time qualifies as a minor procedural matter.

## II

District courts have an inherent power to "impose sanctions against litigants or lawyers appearing before the court." *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008). On appeal, inherent-authority sanctions are reviewed for abuse of discretion. *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995). "We review the district court's factual findings underlying the imposition of sanctions for clear error." *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011). In sum, the district court "abuses its discretion if it awards sanctions based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 203 (5th Cir. 2016) (quoting *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002)).

## III

We conclude that the district court abused its discretion by imposing monetary sanctions, but it did not do so by dismissing Pena's complaint. The district court's orders show that it imposed sanctions under its inherent authority. Thus, we do not need to address Pena's arguments regarding whether the district court could have imposed sanctions under Rule 11 of the Federal Rules of Civil Procedure or 28 U.S.C. § 1927.

### A

Imposing monetary sanctions on Pena for filing documents five days late was an abuse of discretion. District courts can impose sanctions using their inherent authority only if they find that the sanctioned person acted in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49-50 (1991); *Yorkshire*, 540 F.3d at 332. In general, this finding must be explicit, but "the necessary finding of 'bad faith' may be inferred" if "bad faith is patent from the record and specific findings are unnecessary to understand the misconduct giving rise to the

sanction." *United States v. Ortlieb*, 274 F.3d 871, 880 (5th Cir. 2001) (quoting *In re Sealed Appellant*, 194 F.3d 666, 671 (5th Cir. 1999)).

The district court did not find that Pena acted in bad faith. The record contains no explicit bad-faith finding, and the reasons the district court gave for its sanctions do not allow us to infer such a finding. On the contrary, the record reflects innocent—or at least understandable—reasons for Pena's procedural stumbles. For example, the district court faulted Pena for failing to respond to Lone Star's initial motion to dismiss, but the district court had previously advised Pena that Lone Star's motion would become moot once Pena received leave to file an amended complaint. Similarly, the district court expressed displeasure on April 4, 2018 with Pena's failure to file an amended complaint, but the district court had not previously indicated that the amended complaint was due any earlier than the scheduling order's June 18, 2018 pleading deadline. Since the record presents these, and other, non-bad-faith explanations for the conduct that the district court sanctioned, we cannot conclude that the district court implicitly made a bad-faith finding. Thus, because the district court exercised its inherent authority to issue sanctions without finding that Pena acted in bad faith, we conclude that the district court abused its discretion.

**B**

We conclude that the district court did not abuse its discretion by dismissing Pena's complaint. Pena contends that the district court's decision to dismiss her complaint was effectively a decision on the merits "given the expiration of the limitations periods governing" her claims. According to Pena, the district court erred by making such a decision without first ruling on Lone Star's motion to compel arbitration, because it "had not determined whether, as a matter of law, it had the subject matter jurisdiction to make any ruling regarding the merits of" her case. While Pena's reasoning is not entirely clear,

we understand her to be arguing that: (i) Lone Star's motion to compel arbitration implicated the district court's subject-matter jurisdiction; and (ii) the district court erred by ruling on the merits before addressing that jurisdictional issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (holding that courts cannot decide the merits of a claim without first deciding whether they have jurisdiction).

But the district court did not decide the merits of Pena's claims. It dismissed her complaint for violating a local rule that required Pena to file a timely response to Lone Star's motion to dismiss. A district court "always has jurisdiction . . . to enforce its own rules, even after that court no longer has jurisdiction over the substance of a case." *Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 638 (5th Cir. 2008); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) ("The interest in having rules of procedure obeyed . . . does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction."). We thus conclude that the district court did not err by dismissing Pena's complaint, even if Lone Star's motion to compel arbitration implicated the district court's subject-matter jurisdiction.

Pena also argues that the district court erred by failing to rule on her request for additional time to respond to Lone Star's motion to dismiss. Assuming that the district court was obliged to rule on Pena's request, "[t]he denial of a motion by the district court, although not formally expressed, may be implied by the entry of a final judgment or of an order inconsistent with the granting of the relief sought by the motion." *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). The district court's order dismissing Pena's complaint for failure to file a timely response was inconsistent with her request for additional time, so the district court implicitly denied that request and

No. 18-40653

thereby satisfied its duty, if any, to issue a ruling. We therefore conclude that the district court did not abuse its discretion by dismissing Pena's complaint.[5]

## IV

We VACATE the district court's order imposing monetary sanctions and we AFFIRM the judgment of the district court in all other respects.

---

[5] In her reply brief, Pena argues that the district court erred by effectively dismissing her complaint with prejudice based on the minor procedural shortcomings of a pro se litigant. *See Snider v. L-3 Comm's Vertex Aerospace, L.L.C.*, 946 F.3d 660, 678 (5th Cir. 2019) (applying a "particularly scrupulous" review to dismissals with prejudice issued as a sanction for litigation misconduct and requiring "a clear record of delay or contumacious conduct by the plaintiff" (citation omitted)); *see also Ramsey v. Signal Delivery Serv., Inc.* 631 F.2d 1210, 1214 (5th Cir. 1980) (holding that a "three-month delay between the filing of defendant's motion to dismiss and entry of judgment against plaintiffs did not constitute the type of extreme delay" justifying a with-prejudice dismissal and that the district court "should have considered some sanction other than dismissal with prejudice for failure to observe a filing deadline," notwithstanding a local rule deeming motions unopposed absent a response). We do not address that argument, because Pena has not identified a reason why we should exercise our discretion to "consider arguments raised for the first time in a reply brief." *Karichu v. Holder*, 516 F. App'x 326, 326 n.1 (5th Cir. 2013).